1  THOMAS M. HERLIHY (SBN 83615)
   JOHN T. BURNITE (SBN 162223)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808
   Email: herlihy@kelher.com
5          jtb@kelher.com

6

**ORIGINAL FILED**

MAY 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

7

8  Attorneys for Defendants
   UNUM GROUP (Erroneously named and served as "UNUM"
9  and formerly known as UNUMPROVIDENT CORPORATION)
   UNUM LIFE INSURANCE COMPANY OF AMERICA
10 (Erroneously named and served as "UNUM PROVIDENT LIFE
   INSURANCE COMPANY OF AMERICA"), FIRST UNUM
11 LIFE INSURANCE COMPANY OF AMERICA, and THE
   PAUL REVERE LIFE INSURANCE COMPANY

12

**SC**

13

14            **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16 ALEXANDER P. SOMMER, an individual, by  )  Case No.:
   and through his Guardian ad Litem,       )
17 CHRISTIAN SOMMER,                         )  **C 07 2846**
                                            )
18            Plaintiff,                     )  **NOTICE OF REMOVAL OF ACTION**
                                            )  **TO FEDERAL COURT**
19       vs.                                 )
                                            )
20 UNUM, UNUMPROVIDENT                       )
   CORPORATION; UNUM PROVIDENT LIFE          )
21 INSURANCE COMPANY OF AMERICA;             )
   FIRST UNUM LIFE INSURANCE                 )
22 COMPANY OF AMERICA; PAUL REVERE           )
   LIFE INSURANCE COMPANY,                   )
23                                           )
            Defendants                       )
24

25

26

27

28

─────────────────────────────────────────────
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
                              CASE NO. _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that, pursuant to 28 U.S.C. sections 1332, 1441 and 1446, defendants UNUM GROUP (Erroneously named and served as "UNUM" and formerly known as UNUMPROVIDENT CORPORATION), UNUM LIFE INSURANCE COMPANY OF AMERICA (Erroneously named and served as "UNUM PROVIDENT LIFE INSURANCE COMPANY OF AMERICA"), FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA, and THE PAUL REVERE LIFE INSURANCE COMPANY (collectively "defendants") hereby remove to the United States District Court for the Northern District of California the state court action described below ("the action") on the grounds that (1) this court has federal question jurisdiction in that the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.*; (2) this court has federal question jurisdiction in that the action purportedly arises under The Racketeer Influenced And Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1946, *et seq.* ("RICO"); (3) there is complete diversity of citizenship between plaintiff Alexander P. Sommer ("plaintiff"), a citizen of the State of California, and Unum Group, a citizen of the state of Delaware, incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine, Unum Life Insurance Company of America, a citizen of the State of Maine, incorporated in the State of Maine and having its principal place of business in the city of Portland, Maine, First Unum Life Insurance Company of America, incorporated in the State of New York and having its principal place of business in the New York, and The Paul Revere Life Insurance Company incorporated in the Commonwealth of Massachusetts and having its principal place of business in Worcester, Massachusetts; (4) the amount in controversy in the action exceeds the jurisdictional minimum of $75,000, as required by section 1332(a); and (5) the foregoing facts were true at the time the complaint in this matter was filed and they remain true as of the date of filing of this Notice of Removal.

## I.

## FEDERAL QUESTION JURISDICTION

1.    On or about May 1, 2007, plaintiff filed a first amended complaint in the Superior

1   Court of the State of California in and for the County of Marin entitled *"Alexander P. Sommer,*
2   *plaintiff v. Unum, UnumProvident Corporation, Unum Provident Life Insurance Company of*
3   *Emrica, First Unum Life Insurance Company of America, Paul Revere Life Insurance Company,*
4   *and Does 1-300, Defendants,"* case no. CIV 064927.

5       2.      Defendants first received a copy of the summons and the first amended complaint
6   on May 2, 2007, through various means for service of process. Various other generic Marin
7   Superior Court documents also were served with the complaint. True and complete copies of the
8   summons, complaint, and other forms received by defendants are attached hereto as Exhibit 1.

9       3.      Defendants have not been served with, nor have they received, any other
10  pleadings pertaining to the action other than those included in Exhibit 1. Defendants are
11  informed and believe, and thereon allege, that other than the pleadings attached to this notice of
12  removal, there have been no further pleadings, process, or orders filed in this action.

13      4.      Defendants have filed this notice of removal within 30 days of receipt by any
14  defendant of plaintiff's state court complaint.

15      5.      This is a civil action over which the court has original jurisdiction under 28
16  U.S.C. section 1331, and is one that may be removed by defendants to this court pursuant to the
17  provisions of 28 U.S.C. section 1441(b), in that plaintiff's purported claims arise under and are
18  governed by The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*
19  ("ERISA") and support removal based on federal question jurisdiction. 28 U.S.C. § 1331; 29
20  U.S.C. § 1001 *et seq.; Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57, 107 S.Ct. 1549, 95
21  L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d
22  55 (1987).

23      6.      This is a civil action over which the court has original jurisdiction under 28
24  U.S.C. section 1331, and is one that may be removed by defendants to this court pursuant to the
25  provisions of 28 U.S.C. section 1441(b), in that plaintiff's purported claims allegedly pertain to
26  The Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. § 1946, *et seq.* ("RICO")
27  and support removal based on federal question jurisdiction. 28 U.S.C. § 1331; 18 U.S.C. § 1964,
28  *et seq.*

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO. _____

1    7.    In the complaint, plaintiff alleges that he is entitled to disability benefits under

2    alleged group policies of insurance related to his employment, and that the policies and claims

3    are governed by ERISA.  (FAC, paras. 17 and 23).

4    8.    The allegations of the complaint establish that ERISA preempts plaintiff's

5    complaint and that this court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331

6    and 29 U.S.C. section 1001 *et seq*.  Therefore, removal is proper.

7    9.    The allegations of the complaint establish that RICO preempts plaintiff's

8    complaint and that this court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331

9    and 18 U.S.C. section 1946, *et seq*.  Therefore, removal is proper

10    **II.**

11    **DIVERSITY JURISDICTION**

12    10.    This court also has jurisdiction over this action under the provisions of 28 U.S.C.,

13    § 1332, and the action may be removed pursuant to the provisions of 28 U.S.C., § 1442(b), in

14    that it is a civil action between citizens of different states and the matter in controversy exceeds

15    the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

16    11.    Plaintiff is a resident of California.  (FAC, ¶ 2.)

17    12.    Unum Group is, and at the time of the filing of this action was, a citizen of the

18    State of Delaware, incorporated in the State of Delaware and having its principal places of

19    business in Chattanooga, Tennessee, and Portland, Maine.

20    13.    Unum Life Insurance Company of America is, and at the time of the filing of this

21    action was, a citizen of the State of Maine, incorporated in the State of Maine and having its

22    principal place of business in the Portland, Maine.

23    14.    First Unum Life Insurance Company of America is, and at the time of the filing of

24    this action was, a citizen of New York, incorporated in the State of New York and having its

25    principal place of business in New York.

26    15.    The Paul Revere Life Insurance Company is, and at the time of the filing of this

27    action was, a citizen of Massachusetts, incorporated in the Commonwealth of Massachusetts and

28    having its principal place of business in Worcester, Massachusetts.

-3-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

CASE NO. _____

1   16.   This court's jurisdictional minimum of an amount in controversy in excess of

2   $75,000 is satisfied as follows:

3   (a)   By filing the complaint in Superior Court, plaintiff represents that he is

4   entitled to recover damages in excess of the minimum superior court jurisdictional threshold of

5   $50,000.

6   (b)   Plaintiff seeks to recover monthly disability benefits under the purported

7   policy or policies.  Although defendants deny plaintiff is entitled to recover such damages, the

8   court may consider the potential for such a recovery in this action in determining whether the

9   amount in controversy requirement is met for purposes of removal.  Defendants note, however,

10  that plaintiff has filed previous lawsuits related to his purported claims, the claims have been

11  adjudicated in federal court, and litigation subsequent to such adjudication has resulted in

12  dismissals of plaintiff's lawsuits (on *res judicata* grounds), Rule 11 sanctions , and attorneys fees

13  and costs have been granted.

14  (c)   Plaintiff claims to have suffered emotional injury due to defendants'

15  alleged failure to pay benefits due, for which he claims damages in an amount to be shown at

16  trial.  (FAC, ¶¶ 37, 60, Prayer for Relief, ¶ 5.)  Although defendants deny plaintiff is entitled to

17  recover such damages, the court may consider the potential for such a recovery in this action in

18  determining whether the amount in controversy requirement is met for purposes of removal.

19  (d)   Plaintiff seeks an award of general and special damages according to

20  proof.  Given the nature of the allegations contained in the complaint, it is probable that

21  plaintiff's request for general damages alone would exceed the jurisdictional limit of this court.

22  (e)   Plaintiff claims he is entitled to an award of exemplary damages against

23  defendants because their conduct allegedly was oppressive, fraudulent, and malicious.  (FAC, ¶

24  61, Prayer for Relief.)  "Where both actual and punitive damages are recoverable under a

25  complaint each must be considered to the extent claimed in determining jurisdictional amount."

26  *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

27  Considering the allegations in the complaint, plaintiff's request for punitive damages must be

28

-4-

1    included in calculating whether the jurisdictional limit is met in this case for purposes of

2    removal.

3            (f)    Plaintiff claims he is entitled to attorney's fees in amount to be determined.

4    (FAC, Prayer, ¶ 2.)

5            (g)    Plaintiff undoubtedly will seek an award of interest on his alleged

6    damages at the legal rate (10%). The court should consider the potential recovery of interest in

7    assessing the amount in controversy.

8        17.    In light of plaintiff's request for accrued benefits allegedly owed, general and

9    compensatory damages, punitive damages, interest, and attorney's fees, it is more likely than not

10   that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

11   *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir., 1996) [citing *Tapscott v. MS*

12   *Dealer Serv. Corp.*, 77 F3d 1353, 1357 (11th Cir., 1996.)

13                                              **IIII.**

14                                 **CONCLUSION**

15       On the basis of federal question *and* diversity jurisdiction, as set forth above, defendants

16   seek removal of this action from the Superior Court of the State of California in and for the

17   County of Marin, in which it is now pending, to the District Court of the United States for the

18   Northern District of California, San Francisco Division.

19                        KELLY, HERLIHY & KLEIN LLP

20

21   Dated: May 31, 2007          By_____

22                                     John T. Burnite

23                              Attorneys for Defendants
                  UNUM GROUP (Erroneously named and served as "UNUM"

24           and formerly known as UNUMPROVIDENT CORPORATION)
                 UNUM LIFE INSURANCE COMPANY OF AMERICA

25         (Erroneously named and served as "UNUM PROVIDENT LIFE
             INSURANCE COMPANY OF AMERICA"), FIRST UNUM

26            LIFE INSURANCE COMPANY OF AMERICA, and THE
             PAUL REVERE LIFE INSURANCE COMPANY

27

28   E:\27162\P01.doc

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

                                   CASE NO. _____

# EXHIBIT 1

MAY-01-2007 22:30    From:STEELMAN LAWMAN    To:12136171562          Page:2/26

# RECEIVED

## SUMMONS
### (CITACION JUDICIAL)

MAY 0 4 2007

LAW DEPT.

FILED

NOV 1 4 2006

KIM J.
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By J. Naue, Deputy

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNUM PROVIDENT CORPORATION, UNUM PROVIDENT LIFE INSURANCE
COMPANY OF AMERICA, FIRST UNUM LIFE INSURANCE COMPANY, PAUL
REVERE LIFE INSURANCE COMPANY, and UNITED STATES LIFE INSURANCE
COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Alexander P Sommer

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the court clerk nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, MARIN COUNTY<br>Main Branch<br>3501 Civic Center Drive, San Rafael, CA 94903 | **CASE NUMBER**<br>*(Número de Caso):*<br>CV 064972 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEPHEN W. STEELMAN (Bar # 196147)          Phone No. (415) 39.-5040
LAW OFFICE OF STEPHEN W. STEELMAN           Fax No. (415) 39.-3729
22 BATTERY STREET, SUITE 333, SAN FRANCISCO, CA 94111

DATE:
*(Fecha)* NOV 1 4 2006    KIM TURNER    Clerk, by    J NAUE    , Deputy
                              *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Paul Revere Life Insurance Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

MAY-01-2007 22:31  From:STEELMAN LAWMAN    To:12136171562    Page:4/26

STEPHEN W. STEELMAN (CSBN 196147)
*LAW OFFICE OF STEPHEN W. STEELMAN*
22 Battery Street, Suite 333
San Francisco, CA 94111
Tel.(415) 593-3777
Fax (415) 593-3778

Attorney for Plaintiff
ALEXANDER P. SOMMER

RECEIVED

MAY 04 2007

LAW DEPT.

**IN THE SUPERIOR COURT OF CALIFORNIA**
**IN AND FOR THE COUNTY OF MARIN**

--oo0oo--

| | |
|---|---|
| ALEXANDER P. SOMMER, an individual, by and through his Guardian ad Litem, CHRISTIAN SOMMER,<br><br>Plaintiff,<br><br>v.<br><br>UNUM, UNUM PROVIDENT CORPORATION, UNUM PROVIDENT LIFE INSURANCE COMPANY OF AMERICA, FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA, PAUL REVERE LIFE INSURANCE COMPANY<br><br>and,<br><br>DOES 1-300,<br><br>Defendants. | CASE NO. CIV 064927<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>1. UNDER THE RACKETEERING AND INFLUENCED CORRUPT ORGANIZATION ACT (18 USC 1961 et seq. (RICO);<br>2. UNDER THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT (BUSINESS AND PROFESSIONS CODE §17200);<br>3. FOR INDEMNITY; AND,<br>4. FOR PUNITIVE DAMAGES.<br><br>(DEMAND FOR JURY TRIAL) |

First Amended Complaint:

*Sommer v. UNUM*

1   COMES NOW Plaintiff, ALEXANDER F. SOMMER, who, by reason of the following

2   causes of action against defendants UNUM, Unum Provident Life Insurance Company of

3   America, Inc., First Unum Life Insurance Company, Paul Revere Life Insurance Company, Inc.,

4   the United States Life Insurance Company Inc., and DOES 1 - 300, inclusive, and each of them,

5   alleges as follows:

## I
## JURISDICTIONAL ALLEGATIONS

8   1.      The sum total of all claims meets the jurisdictional limits of the above-captioned court.

9   2.      At all times herein mentioned, Plaintiff Alexander F. Sommer was and is an individual

10  living in the County of Marin, State of California.

11  3.      Plaintiff is informed and believes, and based thereon alleges, that, in early 2007,

12  defendant Unum Provident Corporation changed its name to UNUM. Plaintiff is also informed

13  and believes, and based thereon alleges that, at all times relative hereto, defendant UNUM was the

14  successor in interest to defendant Unum Provident Corporation. (These two defendants are

15  sometimes referred to, collectively, hereinafter as "UNUM"). At all times herein mentioned, and

16  specifically from a period beginning December 4, 1986 and continuing through September 11,

17  2003, defendant UNUM/Unum Provident Corporation was a registered California Corporation.

18  On September 11, 2003 UNUM surrendered its registration as a California corporation. UNUM

19  remains a Delaware corporation whose primary place of business is Chattanooga, Tennessee.

20  4.      At all times herein mentioned, Unum Life Insurance Company of America was and is a

21  registered California corporation licensed to do business in and, in fact, doing business in, the

22  State of California. Plaintiff is informed and believes, and based thereon alleges, that defendant

23  Unum Life Insurance Company of America is a wholly or partially owned subsidiary of defendant

24  UNUM.

25  5.      At all times herein mentioned, First Unum Life Insurance Company was and is a

26  corporation, domiciled in the state of New York. Defendant First Unum Life Insurance Company

27  is not licensed to do business in California but nonetheless, did sell disability insurance to

28  Plaintiff in this state. Plaintiff is informed and believes, and based thereon alleges, that defendant

First Amended Complaint                    - 2 -                    Sommer v. UNUM

1  First Unum Life Insurance Company is a wholly or partially owned subsidiary of defendant

2  UNUM.

3  6.      At all times herein mentioned, and specifically since November 13, 1930, Paul Revere

4  Life Insurance Company was and is a registered California corporation licensed to do business in

5  and, in fact doing business in, the State of California. Plaintiff is informed and believes, and

6  based thereon alleges, that defendant Paul Revere Life Insurance Company is a wholly or partially

7  owned subsidiary of defendant UNUM.

8  7.      At all times herein mentioned, and specifically since January 22, 1947, United States Life

9  Insurance Company was and is a licensed California Corporation licensed to do business in and,

10  in fact doing business in, the State of California.

11  8.      Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of defendant

12  UNUM and therefore and hereby names such Presidents and/or CEOs as DOES 1 - 15. Plaintiff

13  will amend this Complaint to allege their true names, capacities, and legal form when ascertained.

14  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named

15  Defendants is legally responsible in some manner for the occurrences, matters and wrongs herein

16  alleged and, specifically that such DOE defendants did operate and manage the enterprise known

17  as First Unum Life Insurance Company as criminal enterprise, supervising and overseeing the

18  wrongs herein alleged and is, accordingly responsible for such wrongs and for plaintiff's damages.

19  Plaintiff's losses and damages herein alleged were proximately caused by such conduct of these

20  fictitiously named Defendants as well as the Defendants who are specifically named herein.

21  9.      Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of defendant

22  Unum Provident Corporation and therefore, and hereby, names such Presidents and/or CEOs as

23  DOES 16-30. Plaintiff will amend this Complaint to allege their true names, capacities, and legal

24  form when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these

25  fictitiously named Defendants is legally responsible in some manner for the occurrences, matters

26  and wrongs herein alleged and, specifically that such DOE defendants did operate and manage

27  the enterprise known as UNUM as criminal enterprise, supervising and overseeing the wrongs

28  herein alleged and is, accordingly, responsible for such wrongs and for plaintiff's damages.

1  Plaintiff's losses and damages herein alleged were proximately caused by such conduct of these

2  fictitiously named Defendants as well as the Defendants who are specifically named herein.

3  10.    Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of Unum

4  Life Insurance Company of America and therefore and hereby names such Presidents and/or

5  CEOs as DOES 31-45.  Plaintiff will amend this Complaint to allege their true names, capacities,

6  and legal form when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each

7  of these fictitiously named Defendants is legally responsible in some manner for the occurrences,

8  matters and wrongs herein alleged and, specifically that such DOE defendants did operate and

9  manage the enterprise known as Unum Provident Life Insurance Company of America as criminal

10  enterprise, supervising and overseeing the wrongs herein alleged and is, accordingly, responsible

11  for such wrongs and for plaintiff's damages.  Plaintiff's losses and damages herein alleged were

12  proximately caused by such conduct of these fictitiously named Defendants as well as the

13  Defendants who are specifically named herein.

14  11.    Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of First

15  Unum Life Insurance Company and therefore and hereby names such Presidents and/or CEOs as

16  DOES 46-60.  Plaintiff will amend this Complaint to allege their true names, capacities, and legal

17  form when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these

18  fictitiously named Defendants is legally responsible in some manner for the occurrences, matters

19  and wrongs herein alleged and, specifically that such DOE defendants did operate and manage

20  the enterprise known as First Unum Life Insurance Company as criminal enterprise, supervising

21  and overseeing the wrongs herein alleged and is, accordingly, responsible for such wrongs and for

22  plaintiff's damages.  Plaintiff's losses and damages herein alleged were proximately caused by

23  such conduct of these fictitiously named Defendants as well as the Defendants who are

24  specifically named herein.

25  12.    Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of Paul

26  Revere Life Insurance Company and therefore and hereby names such Presidents and/or CEOs as

27  DOES 61-75.  Plaintiff will amend this Complaint to allege their true names, capacities, and legal

28  form when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these

First Amended Complaint:    - 4 -    Sommer v. UNUM

1   fictitiously named Defendants is legally responsible in some manner for the occurrences, matters

2   and wrongs herein alleged and, specifically that such DOE defendants did operate and manage

3   the enterprise known as Paul Revere Life Insurance Company as criminal enterprise, supervising

4   and overseeing the wrongs herein alleged and is, accordingly, responsible for such wrongs and for

5   plaintiff's damages. Plaintiff's losses and damages herein alleged were proximately caused by

6   such conduct of these fictitiously named Defendants as well as the Defendants who are

7   specifically named herein.

8   13.       Plaintiff is currently unaware of the identities of the Presidents and/or CEOs of United

9   States Life Insurance Company and therefore and hereby names such Presidents and/or CEOs as

10  DOES 76-90. Plaintiff will amend this Complaint to allege their true names, capacities, and legal

11  form when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these

12  fictitiously named Defendants is legally responsible in some manner for the occurrences, matters

13  and wrongs herein alleged and, specifically that such DOE defendants did operate and manage

14  the enterprise known as United States Life Insurance Company as criminal enterprise, supervising

15  and overseeing the wrongs herein alleged and is, accordingly, responsible for such wrongs and for

16  plaintiff's damages. Plaintiff's losses and damages herein alleged were proximately caused by

17  such conduct of these fictitiously named Defendants as well as the Defendants who are

18  specifically named herein.

19  14.       Plaintiff is presently unaware of the true names, capacities, and legal form of the

20  Defendants sued herein as Does 91 through 300, and therefore sues these Defendants by such

21  fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities, and

22  legal form when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of

23  the fictitiously named Defendants is legally responsible in some manner for the occurrences,

24  matters and wrongs herein alleged and that Plaintiff's losses and damages herein alleged were

25  proximately caused by such conduct of these fictitiously named Defendants as well as the

26  Defendants who are specifically named herein.

27  15.       At all times herein mentioned, each of the Defendants was acting as the agent, servant,

28  representative, wholey or partially owned subsidiary, associate, employee or partner, conspirator

First Amended Complaint:                    - 5 -                        Sweeney v. UNUM

1   or co-conspirator, or property of the each of the other Defendants and was acting within the course

2   and scope of said agency, representation, association, employment, partnership, conspiracy or

3   other alleged legal, or illegal, relationship in doing the things alleged herein, and each of the

4   Defendants authorized, approved, ratified, directed, conspired, and/or consented to all of the acts

5   of each of the other Defendants.

6                                              II
7                                   **STATEMENT OF FACTS**

8   16.     Plaintiff hereby re-alleges, as though fully set forth at length hereat each and every

9   preceding allegation of this Complaint.

10  17.     In November of 1988, plaintiff Alex Sommer was, at age fifty-one, a vice-president and

11  partner in the internationally recognized brokerage firm of Henry H. Swift & Company. He and

12  Bunny, his wife of twenty years, lived with their two children, Christian and Robin, in a home that

13  they had built atop a hill in Strawberry. Alex awoke each day and looked from his living room at

14  an unobstructed view that included Tiburon, Belvedere, portions of the City of Berkeley, the bay

15  where he sometimes sailed with friends, and San Francisco, the City that was the seat of his career

16  in business.

17  18.     Alex had worked very hard to reach this station in life.  He managed several very large

18  accounts and, by dint of hard work and a reputation for honesty, had built up a portfolio of clients,

19  both individual and institutional, stretching coast to coast.

20  19.     Tragically, in late November 1988, Alex was diagnosed with a severe arterial venous

21  malformation, a tangle of the blood vessels in his brain (hereinafter "AVM").  During December

22  of 1988, Alex underwent three separate brain surgeries: one in preparation for repair of the AVM;

23  one to repair the AVM itself; and one as a result of a rare but very virulent infection of the brain

24  that he suffered as a result of the second surgery.  Between the three surgeries Alex underwent

25  over twenty-four hours of brain surgery.

26  20.     Subsequent radiological studies reveal that, as a result of the surgeries and infection, a

27  portion of Alex's brain, a sphere approximately the size of a ping-pong ball, is completely dead.

28  This dead patch in Alex's Brain in located in the area of the brain having to do with higher

First Amended Complaint;                        - 6 -                        Sommer v. UNUM

1    cognitive function, and especially what are referred to, in the field of brain function analysis, as

2    "Executive Functions."

3    21.    Alex has undergone two separate batteries of brain function tests, one in 1995 and one in

4    2004. These tests reveal that Alex has suffered significant and permanent injury to his brain's

5    Executive Function capacity. According to the reports issued after each of these batteries of tests,

6    the several traumas to Alex's brain have resulted in very significant neuro-psychiatric deficits in

7    the following areas:

8    A.    Impulsivity, with an inability to see the consequences of his actions;
     B.    Significant decline in his ability to retrieve information from memory after long delay;
9    C.    Weakness in the ability to store information requiring associative verbal skills;
     D.    Verbal learning;
10   E.    Reasoning efficiency;
     F.    Short term recall;
11   G.    Delayed recall;
     H.    Sustained auditory attention;
12   I.    Higher level set shifting and inhibition;
     J.    Generation of strategies for problem solving;
13   K.    Affective control with respect to irritability and; *especially*, with
           Sustained attention and memory.

14   In fact, as a direct and proximate result of the above noted injuries and disabilities, plaintiff is

15   now, and has been since a date uncertain, before the date of his first brain surgery in December of

16   1988, incompetent to act as a stock broker or to manage his own legal affairs as is evinced by the

17   fact that his career as a stock broker ended permanently at that time and that he and has had a

18   guardian ad litem appointed in each of the legal matters in which he has become involved.

19   22.    After his surgeries, and because he was a *partner* in his firm and very well liked by

20   everyone, Alex continued to work as a stock broker. However, and in fact, he was incompetent to

21   act as a stockbroker. However he was unable to recognize this fact due to his injuries and his very

22   positive personality. Eventually however, as his mental status continued to deteriorate and as he

23   had repeated grand-mal seizures in the office, and was taken out of the office twice by ambulance,

24   people began to notice the deterioration in his performance as a stock broker. Eventually Alex's

25   employment was terminated. After such termination Plaintiff underwent the above noted

26   neurological testing that revealed the noted neuro deficits set forth herein above and, also, a

27   "chronic degenerative organic process" in the brain.

28

23.        Unable to function as a stockbroker, plaintiff made a claim against his disability insurance policies. All of Alex's insurers, defendants herein, denied all of Alex's claims that he was disabled. The one exception to this policy of denial of disability was Provident Accident and Life Insurance Company, which company, plaintiff is informed and believes and based thereon alleges, is a wholly or partially owned subsidiary of defendant Unum Provident Corporation and/or defendant UNUM. Provident Accident and Life Insurance Company paid plaintiff's claim. Plaintiff is informed and believes, and based thereon alleges, that the reason that Alex received his benefits from Provident Accident and Life Insurance Company and not from other companies owned by the same corporation is not a result of some difference in his disability as viewed by that insurer but rather, because of the nature of the damages available for a breach of that policy. A breach of the Provident Accident and Life Insurance Company policy, which was a private policy, might result in an insurance bad faith action leading to the possibility of an award of punitive damages while a breach of the terms of any of the other policies, which seem to have come under *E.R.I.S.A.* was likely to result in nothing more than contract damages.

24.        Uncertain as to if, and/or how, he had been wronged, and in January 1996, Alex consulted an attorney. Approximately one month later, and on the advice of that attorney that he had been wronged, Alex retained said attorney to represent him in connection with a broad range of matters including, a wrongful termination matter, attempts to protect his assets from forfeiture or loss, and efforts to obtain disability insurance benefits from his disability insurance carriers through litigation. Such disability insurance carriers included but were not necessarily limited to defendants Unum Life Insurance Company of America, First Unum Life Insurance Company, all subsidiaries of defendant Unum Provident Corporation (and hereinafter, collectively, along with defendant Unum Provident Corporation and defendant UNUM, referred to as "UNUM,") defendant Paul Revere Life Insurance Company; and defendant United States Life Insurance Company.

25.        Plaintiff also engaged the legal services of this same attorney, a sole practitioner, to represent him in connection with claims related to his employers' improper (in light of Plaintiff's disability and condition) termination of his employment, their involvement in the denial of his

First Amended Complaint:                    - 8 -                    *Sommer v. UNUM*

MAY-01-2007 22:33   From:STEELMAN LAWMAN        To:12136171562              Page:12/26

1   insurance benefits and improper handling of disability issues relating to Plaintiff and his

2   employment as a stockbroker. Defendants were also engaged to represent Plaintiff in connection

3   with claims related to Plaintiff's employers' improper handling of certain securities related issues

4   which, among other things, had caused significant financial harm to Plaintiff.

5   26.     Sadly, the attorney was not well prepared to handle such a broad range of cases and, in

6   fact, committed a series of missteps that resulted in most of plaintiff's claims being dismissed,

7   with prejudice before trial.

8   27.     Among other errors and omissions, the attorney failed to exhaust Plaintiff's

9   administrative remedies and failed to timely file an administrative appeal of Plaintiff's disability

10  insurance disputes.

11  28.     As a result of such failures on the part of his attorney, plaintiff filed a Superior Court

12  claim for legal malpractice against his attorney. Such claim was finally resolved, pursuant to a

13  confidential settlement agreement, in the spring of 2005. The settlement reached was several

14  orders of magnitude less than the amount of plaintiff's damages.

15  29.     Among the losses that plaintiff has suffered as a direct and proximate result of his

16  insurers' wrongful denial of disability benefits are: the loss of his home to foreclosure; economic

17  pressures causing or contributing to the dissolution of his marriage of over twenty years; an

18  inability to provide adequate care for his daughter, who suffers from a chronic, sometimes fatal

19  illness or to obtain adequate rehabilitative care for himself. After the loss of his home and

20  dissolution of his marriage, Plaintiff moved into government subsidized housing in the canal

21  district of San Rafael, where he continues to reside to the present day.

22  30.     So matters remained until late November 2005, when Alex became aware that the

23  California Department of Insurance, by and through the Insurance Commissioner, John

24  Garamendi, had made and published certain findings of wrongdoing regarding his insurers in and

25  of themselves and by and through their parent company Unum Provident Corporation.

26  31.     Among the findings made by the California Department of Insurance are that UNUM:

27  A.  **Knowingly** applied a definition of "disability" in claims handling in a manner inconsistent
        with the definition of "total disability" set forth in California case law;

28  B.  **Mischaracterized** the claimant's occupation and/or its duties in determining whether the

First Amended Complaint                    - 9 -                          Sommer v. UNUM

1      *claimant was disabled* from performing with reasonable continuity the substantial and
material duties of his or her own occupation;

2    C.   Selectively using independent medical examinations (IMEs) *to UNUM's own advantage.*

3    D.   *Overruling the opinion of the attending physician* after UNUM's in-house medical
personnel conducted a merely "paper review" of the (claimant's) medical file; and,

4    E.   *That each such act was in violation of California Insurance Code §§ 700 and 704.*

         (Emphasis added)

5   32.   Insurance Code § 700 provides as follows:

6       **Admittance required; exception for State Compensation
Insurance Fund; penalties; compliance; hearings; issuance of certificate**

7

8     (a) A person shall not transact any class of insurance business in this
state without first being admitted for that class. Except for the State

9   Compensation Insurance Fund as authorized by Sections 11777 and
11778 to 11780.5, inclusive, admission is secured by procuring a

10  certificate of authority from the commissioner. The certificate shall not
be granted until the applicant conforms to the requirements of this

11  code and of the laws of this state prerequisite to its issue.

12     (b) The unlawful transaction of insurance business in this state in
willful violation of the requirement for a certificate of authority is a

13  public offense punishable by imprisonment in the state prison, or in a
county jail not exceeding one year, or by fine not exceeding one

14  hundred thousand dollars ($100,000), or by both that fine and
imprisonment, and shall be enjoined by a court of competent

15  jurisdiction on petition of the commissioner.

16     (c) After the issuance of a certificate of authority, the holder shall
continue to comply with the requirements as to its business set forth

17  in this code and in the other laws of this state, including, but not
limited to, Chapter 5 (commencing with Section 1631), with regard to

18  employees or contractors who solicit, negotiate, or effect insurance.

19     (d) Where a hearing is held under this section the proceedings shall be
conducted in accordance with Chapter 5 (commencing with Section

20  11500) of Part 1 of Division 3 of Title 2 of the Government Code, and
the commissioner shall have all the powers granted therein.

21     (e) The commissioner shall either issue or deny an application for a

22  certificate of authority within 180 calendar days after the date of the application.

23     (f) The commissioner and his or her authorized representative shall be
prohibited from seeking a waiver to extend the 180 calendar day

24  period specified in subdivision (c), nor shall the applicant be permitted

25  to waive that period.

26  33.   Insurance Code § 704, Suspension of certificate; grounds; hearing, provides as

27  follows:

28  / / / / /

The commissioner may suspend the certificate of authority of an insurer for not exceeding one year whenever he finds, after proper hearing following notice, that such insurer engages in any of the following practices:

(a) Conducting its business fraudulently.

(b) Not carrying out its contracts in good faith.

(c) Habitually and as a matter of ordinary practice and custom compelling claimants under policies, or liability judgment creditors of the insured, to either accept less than the amount due under the terms of the policies or resort to litigation against such insurer to secure the payment of the amount due.

The order of suspension shall prescribe the period of such suspension. The proceedings shall be conducted in accordance with Chapter 5 of Part 1 of Division 3 of Title 2 of the Government Code.

[FN1] and the commissioner shall have all the powers granted therein.

(Emphasis Added)

34.    Alex had experienced, and suffered from, many, if not all, of these subterfuges and swindles while being evaluated by the defendants herein, and each of them, for disability benefits. Not surprisingly, his claim for benefits to each of the defendants herein was denied. Further, Alex recognized for the first time that his was not a special case but, rather, according to these findings by the California Department of Insurance, the defendants herein, and each of them, were, in fact, companies that engaged in a regular pattern of such illegal activity in order to wrongfully deny benefits to their policy holders. During or about November of 2005, Alex first became aware that, in fact, that his former insurance companies were being run as rackets designed and intentionally set up to collect the premiums of himself and others like him but to deny him, and others, benefits.

35.    "The difference between Unum and a MAFIA type racket," Alex has said, "is that if you paid Al Capone for protection - you got protection." "We," Alex and his fellow citizens, "pay for insurance protection but, when we need it, we get nothing."

36.    In fact in a document entitled:

Public Report of the Market Conduct Examination of the Claims Practices of [defendant herein] the Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, and, [defendant herein] Paul Revere Life Insurance Company,

and during or about November, 2005, the California Department of Insurance (the following further findings: that the above named companies, and each of them, did, numerously and variously:

First Amended Complaint:                            - 11 -                        Sommer v. UNUM

A. Failed to provide a clear computation of the explanation of benefits;

B. Failed to include a statement in their claim denial that, if the claimant believed the claim had been wrongfully denied or rejected, he or she may have the matter reviewed by the California Department of Insurance;

C. Failed to adopt and implement reasonable standards for the prompt investigations and processing of claims arising under the insurance policies;

D. Misrepresented to claimants pertinent facts or insurance policy provisions relating to any coverage issue;

E. Attempted to settle claims by making a settlement offer that was unreasonably low;

F. Failed to disclose all benefits, coverage time limits or other provisions of the relevant insurance policy;

G. Did not attempt, in good faith, to effectuate prompt, fair and equitable settlements of claims in which liability became reasonable clear;

H. Failed to provide written notice of any statute of limitation or other time period requirement not less than sixty days prior to the expiration date as required by law;

I. Improperly required claimants to give notification of a claim or proof of claim within a specified time;

J. Failed to respond to communications within fifteen calendar days;

K. Failed to acknowledge notice of claim within fifteen calendar days;

L. Persisted in seeking information not reasonably required for, or material to, the resolution of the claim dispute;

M. Failed to begin to the investigation of the claim within fifteen calendar days;

N. Failed to adopt and communicate to all its claims agents written standards for the prompt investigation and processing of claims;

O. Failed to record in the file the date the company received, the date the company processed and the date the company transmitted or mailed every relevant document in the file;

P. Failed to provide written basis for the denial of the claim.

37. Plaintiff is informed and believes, and based thereon alleges, and discovery in this case will show, that the defendant enterprises herein, and each of them, did employ such wrongful schemes in denying to plaintiff his benefits and that, as a direct and proximate result thereof, plaintiff has suffered, continues to suffer, and will in future suffer grievous personal injury and harm and injury to his property rights. As a direct and proximate result of the wrongs alleged hereinabove Alex has suffered serious harm, including complete the loss of his custom built home in Strawberry in Marin County, the disintegration of his marriage as a result of the various stresses caused by the wrongs alleged herein, and feelings of guilt, remorse and despair resulting from his inability to meet his perceived obligations to his family.

### III
### FIRST CAUSE OF ACTION
### (FOR DAMAGES UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)
### Against All Defendants

38. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth at length

1    hereof, each and every preceding allegation of this complaint.

2    39.    Plaintiff is informed and believes and thereon alleges that defendants UNUM are, and each

3    of the other defendants is, and/or at all times relevant to the allegations made herein was, an enterprise

4    within the meaning of 18 U.S.C. section 1964(1), in that said defendants, and each of them, is an

5    entity whose purpose is purportedly to sell and provide various types of personal lines insurance and

6    specifically, as relates to the facts giving rise to this Complaint, to sell and provide disability

7    insurance coverage.

8    40.    Plaintiff is informed and believes, and based thereon alleges, that the activity of the

9    enterprises known herein throughout as UNUM, and the activity of each of the other defendants

10    herein, affected interstate commerce, in that defendants UNUM, and each of the other defendants

11    herein, each licensed to do business in and, at all times relevant hereto, doing business in California

12    as well as other states, utilized insurance agents and brokers and support staff, and otherwise

13    maintained offices in the state of California and in other states, thereby necessitating the use of

14    highways, railways, banking, telecommunications and the U.S. Mails.

15    41.    Plaintiff is informed and believes, and based thereon alleges, that defendant Paul Revere Life

16    Insurance Company, is, and at all times mentioned in this complaint was, associated with the UNUM

17    enterprise in that Paul Revere Life Insurance Company was and/or is a wholey or partially owned

18    subsidiary of UNUM, and that UNUM is a majority shareholder of Paul Revere Life Insurance

19    Company.

20    42.    Plaintiff is informed and believes, and based thereon alleges, that defendant First Unum Life

21    Insurance Company, a New York Corporation is, and at all times mentioned in this complaint was,

22    associated with the UNUM enterprise in that First Unum Life Insurance Company was and/or is a

23    wholey or partially owned subsidiary of UNUM, and that UNUM is a majority shareholder of First

24    Unum Life Insurance Company.

25    43.    Plaintiff is informed and believes, and based thereon alleges, that defendant Unum Life

26    Insurance Company of North America is, and at all times mentioned in this complaint was, associated

27    with the UNUM enterprise in that Unum Life Insurance Company of North America was and/or is

28    a wholey or partially owned subsidiary of UNUM, and that UNUM is a majority shareholder of Paul

First Amended Complaint:    - 13 -    Sondheim v. UNUM

11391037.SF - 5/1/2007 10:32 PM

1   Revere Life Insurance Company.

2   44.   Plaintiff is informed and believes, and based thereon alleges, that defendant enterprises

3   UNUM, Unum Life Insurance Company of North America, First Unum Life Insurance Company,

4   Paul Revere Life Insurance Company, and those DOE defendants named as Does 1-75, supra,

5   engaged in a pattern of racketeering conduct by personally causing others to engage in mail and/or

6   wire fraud in violation of 18 U.S.C. section 1341, by using the United States mail to transmit

7   fraudulent correspondence and by engaging in the pattern of wrongful, harmful and illegal acts set

8   forth in the findings by the Insurance Commissioner of the State of California as set forth in

9   paragraphs 32, 33 and 36 hereinabove.

10   45.   Plaintiff is informed and believes, and based thereon alleges, that, in communicating via the

11   U.S. Mails and via wire, with Plaintiff, Defendants, and each of them, promised that Plaintiff would

12   be insured if and when he became totally disabled from his position as a stockbroker and a partner

13   in a major stockbrokerage. The true facts are that defendants did not intend to insure plaintiff, but

14   rather had so structured, organized and did maintain their respective businesses that defendants

15   herein, and each of them, were not legitimate enterprises and/or insurance companies at all, but were,

16   rather, a number of rackets, corrupt sham companies and enterprises organized for the purpose of

17   collecting premiums but not paying valid claims.

18   46.   Plaintiff is further informed and believes, and based thereon alleges, that when defendants

19   made these representations concerning their willingness to insure Plaintiff and to pay him money,

20   should he become disabled, they knew such representations to be false and that Defendants made

21   these representations explicitly and solely with the intention to, and purpose of, inducing Plaintiff and

22   other citizens similarly situated, to purchase insurance and pay premiums and to then and thereafter

23   to deceive Plaintiff and thereby deprive and defraud him completely of the benefits promised under

24   the disability policy.

25   47.   Plaintiff, at the time these representations were made by Defendants, and at the time that

26   Defendant took the actions herein alleged, was ignorant of the falsity of the Defendants'

27   representations, and reasonably believed them to be true.

28   48.   In reliance on Defendant's representations, Plaintiff was induced to and did give to

1   Defendants money in the form of insurance premiums. Had Plaintiff known the actual facts he would

2   not have taken such action. Plaintiff's reliance on Defendants' representations was justified because,

3   as a stockbroker, plaintiff was aware that the defendant companies herein, and each of them, was a

4   publicly traded company regulated under the laws of our state and our nation, which governmental

5   entities thus stood as witnesses, overseers and guarantors of the integrity of such companies. Plaintiff

6   is further informed and thereon alleges that all of the conduct of defendants, and each of them, as

7   alleged in this complaint, was carried out while these defendants were participating in the conduct

8   of enterprises of the various defendants herein, and each of them, in violation of 18 U.S.C. §1962(c)

9   49.     Plaintiff is further informed and believes, and based thereon alleges, that defendants, and

10   each of them, including any DOE defendants, agreed and conspired with each other and others to

11   conduct the aforementioned racketeering, in violation of 18 U.S.C. §1964(d).

12   50.     As a proximate result of the wrongful acts herein alleged, plaintiff has been specially and

13   generally damaged in an amount to be determined at the time of trial.

14   51.     The aforementioned acts and omissions by defendants, and each of them, herein were

15   conducted with a wilful and conscious disregard for the rights and safety of plaintiff, and in a manner

16   constituting fraud and so warrant the award of punitive damages.

17

### III
### SECOND CAUSE OF ACTION
18   (FOR UNFAIR BUSINESS PRACTICES UNDER B&P CODE§ 17200)

19   52.     Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth at

20   length hereat, each and every preceding allegation set forth this Complaint.

21   53.     As alleged hereinabove, Defendants, and each of them, did advertise, hold out for sale

22   and did sell, to plaintiff and others, certain products and services by way of insurance policies and

23   benefits. Based on such advertising, holding out for sale and selling of such insurance policies

24   and benefits by defendants, and each of them, Plaintiff did, in fact purchase several policies and

25   did pay premiums for such policies over a period of years relying on the aforementioned insurance

26   policies and benefits to protect him in the event that he should become disabled.

27   54.     Plaintiff is informed and believes, and based thereon alleges that in so performing such

28   acts, in so advertising, holding out for sale and selling such insurance products and services,

1  defendants, and each of them, acted without any good faith intention of actually paying; plaintiff
2  should he become disabled.  Rather, plaintiff is informed an believes and based thereon alleges,
3  and asserts that discovery herein will show, that defendants, and each of them had intentionally
4  arranged and did manage and operate their various enterprises, as alleged herein, that they created
5  and set up mechanisms within each defendant enterprise in such a manner as to allow defendants,
6  and each of them, to collect premiums and to avoid paying benefits on valid claims such as
7  plaintiff's claims.

8  55.    Defendants threaten to, and unless restrained, will continue to act as alleged herein and,
9  further, will by precept and example continue to drag down the moral and ethical basis of our
10  business community and our, largely mercantile, culture all to the detriment of other citizens such
11  as plaintiff, the business community and our culture and civilization in general.

12  56.    As approximate result of the above alleged acts of defendants, and each of them, plaintiff
13  has been deprived of money, wealth, status and prestige and has been generally and specially
14  harmed as otherwise set forth herein.

15
16                                    IV
                              THIRD COUNT
                            (FOR INDEMNITY)
                           Against All Defendants
17  57.    Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth at
18  length hereat, each and every preceding allegation set forth this Complaint.

19  58.    Defendant insurer's, and each of them, as alleged herein above, did both expressly and
20  impliedly insure and indemnify plaintiff against losses arising from his disability.

21  59.    As further set forth hereinabove, plaintiff did, in fact, and while such policies of
22  insurance and indemnification were in effect, become disabled.

23  60.    Whereupon, defendants, and each of them, employing and using such improper,
24  dishonest and wrongful schemes as alleged herein, as well as what ever other schemes and plans
25  occurred to them at the moment did fail to indemnify and pay plaintiff as promised.

26  61.    Whereby plaintiff has been generally, specially and otherwise grievously harmed, as set
27  forth in this Complaint and as shall be proved at trial.

28  62.    By reason of the foregoing, plaintiff is entitled to indemnification by defendants, and

First Amended Complaint;                        - 16 -                        Summer v. UNUM

MAY-01-2007 22:34     From:STEELMAN LAWMAN          To:12136171562          Page:20/26

1  each of them, for all losses suffered and/or proximately caused by the failure of these defendants,

2  as alleged herein, to previously indemnify plaintiff as also alleged elsewhere herein. But

3  defendants have not paid any part of such indemnification or damages to plaintiff.

4                                          V
5                              **FOURTH COUNT**
                            **(FOR PUNITIVE DAMAGES)**
                              **Against All Defendants**

6  63.        Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth at

7  length herein, each and every preceding allegation set forth this Complaint.

8  64.        In doing the things herein alleged, defendants and each of them acted, recklessly and

9  willfully and with a willful and conscious disregard of the rights and safety of plaintiff and,

10  further, with the actual intent to cause injury to the plaintiff so that they might profit thereby.

11  Accordingly, the acts herein alleged were oppressive, fraudulent and malicious, thereby

12  warranting as assessment of punitive damages in an amount appropriate to punish defendants and

13  deter others from engaging in similar misconduct.

14  65.        Further, in doing the things herein alleged, defendants and each of them acted,

15  oppressively toward plaintiff whom they knew to be disabled with a serious brain injury.

16  Accordingly, the acts herein alleged were oppressive, thereby warranting as assessment of

17  punitive damages in an amount appropriate to punish defendants and deter others from engaging

18  in similar misconduct.

19  66.        As a further proximate result of the acts and omissions of Defendants, Plaintiff is entitled

20  to treble damages and attorney's fees pursuant to 18 U.S.C. § 1964 (c).

21  WHEREFORE, Plaintiff prays for a judgment and damages as follows:

22         1.     For a sum to adequate to compensate Plaintiff for his lost disability benefits;

23         2.     For a sum to adequate to compensate Plaintiff for the losses suffered as a direct and

24  or proximate result of plaintiff's lost disability benefits,

25         2.     For attorneys' fees in bringing this action;

26         4.     For other special damages according to proof;

27         5.     For treble damages as provided by statute;

28         5.     For general damages, including emotional injury, according to proof;

First Amended Complaint:                         - 17 -                         Sommer v. UNUM

1136183T.1V - 04/30/2007 10:32:53 PM

1      6.    For prejudgment interest according to proof;

2      7.    For punitive damages;

3      8.    For costs of suit herein; and

4      9.    For such other and further relief as the court finds is just and right.

5    DATED: May 1, 2007

6

7                         By: _____
                              STEPHEN STEELMAN
8                         THE LAW OFFICE OF STEPHEN W. STEELMAN
                              Counsel to Plaintiff
9                             Alexander P. Sommer

10                        **DEMAND FOR JURY TRIAL**

11            Plaintiff hereby demands a trial by jury on all causes of action.

12    DATED: May 1, 2007

13

14                        By: _____
                              STEPHEN STEELMAN
15                        THE LAW OFFICE OF STEPHEN W. STEELMAN
                              Counsel to Plaintiff
16                        ALEXANDER P. SOMMER

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint                    - 18 -                        Sommer v. UNUM



STEPHEN W. STEELMAN (CSBN 196147)
*LAW OFFICE OF STEPHEN W. STEELMAN*
22 Battery Street, Suite 333
San Francisco, CA 94111
Tel.(415) 593-3777
Fax (415) 593-3778

Attorney for Plaintiff
ALEXANDER P. SOMMER

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF MARIN

--o0o--

ALEXANDER P. SOMMER, an individual )    CASE NO. CIV 064927
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )    PROOF OF SERVICE
                                    )
UNUM, UNUM PROVIDENT                )
CORPORATION, UNUM PROVIDENT LIFE    )
INSURANCE COMPANY OF AMERICA,       )
FIRST UNUM LIFE INSURANCE           )
COMPANY; PAUL REVERE LIFE           )
INSURANCE COMPANY;                  )
                                    )
and,                                )
                                    )
DOES 1-300,                         )
                                    )
        Defendants.                 )
                                    )

*Sommer v. UNUM*                                    POS (S&C)

1361537.W-5/1/2007 10:32:02 PM

1     I, the undersigned, declare that: I am over the age of eighteen years, and not a party to the

2  above captioned case; I am employed in, and am a resident of, the City and County of San Francisco,

3  California, and my business address is 22 Battery Street San Francisco, California, 94111.

4         On May 2, 2007, I caused to be served the following true and correct copies of the following

5  documents:

                    **SUMMONS,**
6              **FIRST AMENDED COMPLAINT,**
                  **CIVIL CASE COVER SHEET,**
7       **ALTERNATIVE DISPUTE RESOLUTION PACKAGE**

8  Via Hand Delivery, to :

9

10  UNUM, Served through agent for         UNUM PROVIDENT CORPORATION,
    service of process: JERE                Served through agent for service of
11  KEPRIOS, C T CORPORATION                process: JERE KEPRIOS, C T
    SYSTEM 818 WEST SEVENTH                 CORPORATION SYSTEM 818 WEST
12  ST LOS ANGELES, CA 90017                SEVENTH ST LOS ANGELES, CA
                                            90017
13
    UNUM PROVIDENT LIFE                     PAUL REVERE LIFE INSURANCE
14  INSURANCE COMPANY OF                    COMPANY: Served through agent for
    AMERICA, Served through agent           service of process: STEPHEN H.
15  for service of process: JERE            GALTON, 500 SOUTH GRAND
    KEPRIOS, C T CORPORATION                AVENUE SUITE 1200 LOS ANGELES,
16  SYSTEM 818 WEST SEVENTH                 CA 90071
    ST LOS ANGELES, CA 90017
17

18        Pursuant to the provisions of California Insurance Code §12931, I also caused the above

19  listed documents to be served , through the Offices of the California Insurance Commissioner at

20  300 Capitol Mall, Suite 1700, Sacramento, CA 95814, upon:

21        **FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA,**

22  an insurer not licensed to do business in California and having no agent for service of process in

23  this state.

24        I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct.

26  Dated: 2 May, 2007

27

28                              STEPHEN W. STEELMAN

Sommer v. UNUM                    - 2 -                    POS (S&C)

CM-010

STEPHEN W. STEELMAN (State Bar # 136147)
LAW OFFICE OF STEPHEN W. STEELMAN
22 BATTERY STREET, SUITE 333, SAN FRANCISCO, CA 94111
TELEPHONE NO. (415) 392-5040    FAX NO. (415) 392-3720
ATTORNEY FOR (Name): ALEXANDER P. SOMMER, PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 CIVIC CENTER DRIVE
MAILING ADDRESS: 3501 CIVIC CENTER DRIVE
CITY AND ZIP CODE: SAN RAFAEL 94903
BRANCH NAME: MAIN

FOR COURT USE ONLY

CASE NAME:
SOMMER V. UNUM

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | M C 64011  JUDGE VERNON F. SMITH  DEPT: |

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case.

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[X] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify): FOUR (4)

5. This case [ ] is [X] is not   a class action suit.

Date: November 14, 2006

STEPHEN STEELMAN
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court rules 201.8, 1800-1812
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

MAY-01-2007 22:35    From:STEELMAN LAWMAN          To:12136171562              Page:24/25

## SUPERIOR COURT OF CALIFORNIA
### County of Marin
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

### <u>NOTICE TO PLAINTIFFS</u>

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

All civil actions filed on or after July 1, 2002 except actions filed under the Family Law Act, the Juvenile Court Law, Petition for Writs of Mandate or Prohibition, Change of Name, Harassment Restraining Orders, Domestic Violence Prevention Act Restraining Orders, and Adoptions, are included in the Civil Trial Delay Reduction Program. Marin County Superior Court - Civil Rules for the program require that you meet certain time lines for filing of documents. Please refer to Marin County Superior Court - Civil Rules for more particulars.

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early and less expensive stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling 888-882-6878. This service is subject to charges by the vendor.

CV005 (Rev. 7/05)                                                      (Family ADR-1.E)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):* | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF**<br>**ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____        Attorney For _____

                                                              _____

Dated _____        Attorney For _____

                                                              _____

NAME OF COURT:

## ADR Information Form

*This form should be filled out and returned,*
*within 10 days of the resolution of the dispute, to:*  ▶

1. Case name: _____    No: _____

2. Type of civil case:  ☐ PI/PD-Auto    ☐ PI/PD-Other    ☐ Contract    ☐ Other *(specify):* _____

3. Date complaint filed _____    Date case resolved _____

4. Date of ADR conference _____    5. Number of parties _____

6. Amount in controversy  ☐ $0–$25,000    ☐ $25,000–$50,000    ☐ $50,000–$100,000    ☐ over $100,000 *(specify):* _____

7. ☐ Plaintiff's Attorney    ☐ Cross Complainant's Attorney    8. ☐ Defendant's Attorney    ☐ Cross Defendant's Attorney

NAME _____    NAME _____

ADDRESS _____    ADDRESS _____

( ) _____    ( ) _____
TELEPHONE NUMBER    TELEPHONE NUMBER

9. Please indicate your relationship to the case:

☐ Plaintiff    ☐ Plaintiff's attorney        ☐ Defendant    ☐ Defendant's attorney
☐ 3rd party defendant    ☐ 3rd party defendant's attorney    ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation    ☐ Arbitration    ☐ Neutral case evaluation    ☐ Other *(specify):* _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.    c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the additional cost:

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of additional court days:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?    ☐ Yes    ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]

ADR INFORMATION FORM

