1  THOMAS M. HERLIHY (SBN 83615)
   JOHN T. BURNITE (SBN 162223)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808
   Email: herlihy@kelher.com
5          jtb@kelher.com

6

7
   Attorneys for Defendants
8  UNUM GROUP, UNUM LIFE INSURANCE
   COMPANY OF AMERICA, FIRST UNUM
9  LIFE INSURANCE COMPANY OF AMERICA, and THE
   PAUL REVERE LIFE INSURANCE COMPANY
10

11               UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  ALEXANDER P. SOMMER, an individual, by )   Case No.:  C07-2846 SC
    and through his Guardian ad Litem,       )
15  CHRISTIAN SOMMER,                        )
                                             )
16            Plaintiff,                     )   ANSWER BY DEFENDANTS UNUM
                                             )   GROUP, UNUM LIFE INSURANCE
17       vs.                                 )   COMPANY OF AMERICA, FIRST
                                             )   UNUM LIFE INSURANCE COMPANY
18  UNUM, UNUMPROVIDENT                      )   OF AMERICA, and THE  PAUL
    CORPORATION; UNUM PROVIDENT LIFE         )   REVERE LIFE INSURANCE
19  INSURANCE COMPANY OF AMERICA;            )   COMPANY TO FIRST AMENDED
    FIRST UNUM LIFE INSURANCE                )   COMPLAINT
20  COMPANY OF AMERICA; PAUL REVERE          )
    LIFE INSURANCE COMPANY,                  )
21                                           )
              Defendants                     )
22  _____ )
                                             )
23

24

25

26

27

28

1    Defendants Unum Group, Unum Life Insurance Company of America, First Unum Life

2  Insurance Company of America and The Paul Revere Life Insurance Company ("defendants")

3  answer the first amended complaint ("complaint") filed by plaintiff Alexander P. Sommer

4  ("plaintiff") in this action as follows:

5                        **JURISDICTIONAL ALLEGATIONS**

6        1.       Answering the allegations of paragraph 1 of the complaint, defendants admit that

7  the court has jurisdiction.  Except as so admitted, defendants deny the remaining allegations in

8  paragraph 1.

9        2.       Answering the allegations of paragraph 2 of the complaint, defendants admit.

10       3.       Answering the allegations of paragraph 3 of the complaint, defendants admit that

11  UnumProvident changed its name to Unum Group, and that Unum Group is a citizen of the State

12  of Delaware, incorporated in the State of Delaware and having its principal places of business in

13  Chattanooga, Tennessee, and Portland, Maine.

14       4.       Answering the allegations of paragraph 4 of the complaint, defendants admit that

15  Unum Life Insurance Company of America is a citizen of the State of Maine, incorporated in the

16  State of Maine and having its principal place of business in the Portland, Maine.

17       5.       Answering the allegations of paragraph 5 of the complaint, defendants admit that

18  First Unum Life Insurance Company of America is a citizen of New York, incorporated in the

19  State of New York and having its principal place of business in New York.

20       6.       Answering the allegations of paragraph 6 of the complaint, defendants admit that

21  The Paul Revere Life Insurance Company is a citizen of Massachusetts, incorporated in the

22  Commonwealth of Massachusetts and having its principal place of business in Worcester,

23  Massachusetts.

24       7.       Answering the allegations of paragraph 7 of the complaint, defendants are without

25  knowledge or information sufficient to form a belief as to the truth of the allegations stated

26  herein, and on this basis, deny the allegations set forth in this paragraph.

27       8.       Answering the allegations of paragraph 8 of the complaint, defendants deny the

28  allegations.

STIPULATION EXTENDING TIME FOR FILING AND SERVING RESPONIVE PLEADING

CASE NO. C07-2846 SC

1      9.      Answering the allegations of paragraph 9 of the complaint, defendants deny the

2   allegations.

3      10.     Answering the allegations of paragraph 10 of the complaint, defendants deny the

4   allegations.

5      11.     Answering the allegations of paragraph 11 of the complaint, defendants deny the

6   allegations.

7      12.     Answering the allegations of paragraph 12 of the complaint, defendants deny the

8   allegations.

9      13.     Answering the allegations of paragraph 13 of the complaint, defendants are

10  without knowledge or information sufficient to form a belief as to the truth of the allegations

11  stated herein, and on this basis, deny the allegations set forth in this paragraph.

12     14.     Answering the allegations of paragraph 14 of the complaint, defendants deny the

13  allegations.

14     15.     Answering the allegations of paragraph 15 of the complaint, defendants deny the

15  allegations.

16                          **STATEMENT OF FACTS**

17     16.     Answering the allegations of paragraph 16 of the complaint, defendants

18  incorporate its response to paragraphs 1 through 15, above.

19     17.     Answering the allegations of paragraph 17 of the complaint, defendants admit that

20  plaintiff had been employed as an account executive with Henry H. Swift & Co. in 1988.  Except

21  as so admitted, defendants deny the remaining allegations in paragraph 17.

22     18.     Answering the allegations of paragraph 18 of the complaint, defendants admit that

23  plaintiff had been employed as an account executive in 1988.  Except as so admitted, defendants

24  deny the remaining allegations in paragraph 18.

25     19.     Answering the allegations of paragraph 19 of the complaint, defendants admit that

26  in 1988, plaintiff underwent three brain surgeries.  Except as so admitted, defendants deny the

27  remaining allegations in paragraph 19.

28

-2-

1    20.    Answering the allegations of paragraph 20 of the complaint, defendants are

2    without knowledge or information sufficient to form a belief as to the truth of the allegations

3    stated herein, and on this basis, deny the allegations set forth in this paragraph.

4    21.    Answering the allegations of paragraph 21 of the complaint, defendants admit that

5    in 1988, plaintiff underwent three brain surgeries.  Except as so admitted, defendants deny the

6    remaining allegations in paragraph 21.

7    22.    Answering the allegations of paragraph 22 of the complaint, defendants admit that

8    plaintiff continued to work as an account executive.  Except as so admitted, defendants deny the

9    remaining allegations in paragraph 22.

10    23.    Answering the allegations of paragraph 23 of the complaint, defendants admit that

11    plaintiff made previous claims for disability benefits, it was determined that he was not eligible

12    for benefits, and the claims fell under ERISA, and plaintiff previously litigated the claims and

13    lost each time.  Except as so admitted, defendants deny the remaining allegations in paragraph

14    24.    Answering the allegations of paragraph 24 of the complaint, defendants admit that

15    plaintiff previously filed multiple lawsuits against Unum Life and Paul Revere wherein he

16    litigated his purported claims for disability benefits and defendants prevailed in those matters.

17    Except as so admitted, defendants deny the remaining allegations in paragraph 24.

18    25.    Answering the allegations of paragraph 25 of the complaint, defendants admit that

19    plaintiff previously filed multiple lawsuits against Unum Life and Paul Revere wherein he

20    litigated his purported claims for disability benefits and defendants prevailed in those matters.

21    Except as so admitted, defendants deny the remaining allegations in paragraph 25.

22    26.    Answering the allegations of paragraph 26 of the complaint, defendants admit that

23    plaintiff previously filed multiple lawsuits against Unum Life and Paul Revere wherein he

24    litigated his purported claims for disability benefits and defendants prevailed in those matters.

25    Except as so admitted, defendants deny the remaining allegations in paragraph 26.

26    27.    Answering the allegations of paragraph 27 of the complaint, defendants are

27    without knowledge or information sufficient to form a belief as to the truth of the allegations

28    stated herein, and on this basis, deny the allegations set forth in this paragraph.

-3-

1      28.    Answering the allegations of paragraph 28 of the complaint, defendants are

2 without knowledge or information sufficient to form a belief as to the truth of the allegations

3 stated herein, and on this basis, deny the allegations set forth in this paragraph.

4      29.    Answering the allegations of paragraph 29 of the complaint, defendants deny the

5 allegations.

6      30.    Answering the allegations of paragraph 30 of the complaint, defendants admit that

7 the California Department of Insurance issued a Decision and Order of Insurance Commissioner

8 Upon Settlement on approximately October 3, 2005, and that the Decision speaks for itself.

9 Except as so admitted, defendants deny the remaining allegations in paragraph 30.

10     31.    Answering the allegations of paragraph 31 of the complaint, defendants admit that

11 the California Department of Insurance issued a Decision and Order of Insurance Commissioner

12 Upon Settlement, and that the Decision speaks for itself. Except as so admitted, defendants deny

13 the remaining allegations in paragraph 31.

14     32.    Answering the allegations of paragraph 32 of the complaint, defendants admit that

15 Insurance Code Section 700 speaks for itself.  Except as so admitted, defendants deny the

16 remaining allegations in paragraph 32.

17     33.    Answering the allegations of paragraph 33 of the complaint, defendants admit that

18 Insurance Code Section 704 speaks for itself.  Except as so admitted, defendants deny the

19 remaining allegations in paragraph 33.

20     34.    Answering the allegations of paragraph 34 of the complaint, defendants deny the

21 allegations.

22     35.    Answering the allegations of paragraph 35 of the complaint, defendants deny the

23 allegations.

24     36.    Answering the allegations of paragraph 36 of the complaint, defendants admit that

25 the California Department of Insurance issued a Public Report and the Report speaks for itself.

26 Except as so admitted, defendants deny the remaining allegations in paragraph 36.

27     37.    Answering the allegations of paragraph 37 of the complaint, defendants deny the

28 allegations.

-4-

# FIRST CLAIM FOR RELIEF

## (Racketeer Influenced and Corrupt Organizations Act)

38.  Answering the allegations of paragraph 38 of the complaint, defendants incorporate its response to paragraphs 1 through 37, above.

39.  Answering the allegations of paragraph 39 of the complaint, defendants deny the allegations.

40.  Answering the allegations of paragraph 40 of the complaint, defendants deny the allegations.

41.  Answering the allegations of paragraph 41 of the complaint, defendants deny the allegations.

42.  Answering the allegations of paragraph 42 of the complaint, defendants deny the allegations.

43.  Answering the allegations of paragraph 43 of the complaint, defendants deny the allegations.

44.  Answering the allegations of paragraph 44 of the complaint, defendants deny the allegations.

45.  Answering the allegations of paragraph 45 of the complaint, defendants deny the allegations.

46.  Answering the allegations of paragraph 46 of the complaint, defendants deny the allegations.

47.  Answering the allegations of paragraph 47 of the complaint, defendants deny the allegations.

48.  Answering the allegations of paragraph 48 of the complaint, defendants deny the allegations.

49.  Answering the allegations of paragraph 49 of the complaint, defendants deny the allegations.

50.  Answering the allegations of paragraph 50 of the complaint, defendants deny the allegations.

1   51.    Answering the allegations of paragraph 51 of the complaint, defendants deny the
2   allegations.

### SECOND CLAIM FOR RELIEF

### (Unfair Business Practices Under B&P Code Section 17200)

5   52.    Answering the allegations of paragraph 52 of the complaint, defendants
6   incorporate its response to paragraphs 1 through 51, above.

7   53.    Answering the allegations of paragraph 53 of the complaint, defendants admit that
8   plaintiff had been covered under certain employer-sponsored group disability insurance policies,
9   and the policies speak for themselves.  Except as so admitted, defendant deny the remaining
10  allegation in paragraph 53.

11  54.    Answering the allegations of paragraph 54 of the complaint, defendants deny the
12  allegations.

13  55.    Answering the allegations of paragraph 55 of the complaint, defendants deny the
14  allegations.

15  56.    Answering the allegations of paragraph 56 of the complaint, defendants deny the
16  allegations.

### THIRD CLAIM FOR RELIEF

### (Indemnity)

19  57.    Answering the allegations of paragraph 57 of the complaint, defendants
20  incorporate its response to paragraphs 1 through 56, above.

21  58.    Answering the allegations of paragraph 58 of the complaint, defendants admit that
22  plaintiff had been covered under certain employer-sponsored group disability insurance policies,
23  and the policies speak for themselves.  Except as so admitted, defendant deny the remaining
24  allegation in paragraph 58.

25  59.    Answering the allegations of paragraph 59 of the complaint, defendants deny the
26  allegations.

27  60.    Answering the allegations of paragraph 60 of the complaint, defendants deny the
28  allegations.

1    61.    Answering the allegations of paragraph 61 of the complaint, defendants deny the

2    allegations

3    62.    Answering the allegations of paragraph 62 of the complaint, defendants deny the

4    allegations.

5                          **FOURTH CLAIM FOR RELIEF**

6                            **(Punitive Damages)**

7    63.    Answering the allegations of paragraph 63 of the complaint, defendants

8    incorporate its response to paragraphs 1 through 62, above.

9    64.    Answering the allegations of paragraph 64 of the complaint, defendants deny the

10    allegations.

11    65.    Answering the allegations of paragraph 65 of the complaint, defendants deny the

12    allegations.

13    66.    Answering the allegations of paragraph 66 of the complaint, defendants deny the

14    allegations.

15                          **PRAYER FOR RELIEF**

16    67.    Answering the allegations in plaintiff's prayer for relief, defendants answer as

17    follows:

18    a)    Answering the allegations of paragraph 1 of the prayer for relief, defendants deny

19    the allegations.

20    b)    Answering the allegations of paragraph 2 of the prayer for relief, defendants deny

21    the allegations.

22    c)    Answering the allegations of paragraph 3 of the prayer for relief, defendants deny

23    the allegations.

24    d)    Answering the allegations of paragraph 4 of the prayer for relief, defendants deny

25    the allegations.

26    e)    Answering the allegations of paragraph 5 of the prayer for relief, defendants deny

27    the allegations.

28    f)    Answering the allegations of paragraph 5 [sic]of the prayer for relief, defendants

-7-

1    deny the allegations.

2         g)     Answering the allegations of paragraph 6 of the prayer for relief, defendants deny

3    the allegations.

4         h)     Answering the allegations of paragraph 7 of the prayer for relief, defendants deny

5    the allegations.

6         i)     Answering the allegations of paragraph 8 of the prayer for relief, defendants deny

7    the allegations.

8         j)     Answering the allegations of paragraph 9 of the prayer for relief, defendants deny

9    the allegations.

10    ## AFFIRMATIVE DEFENSES

11    ### FIRST AFFIRMATIVE DEFENSE

12         68.     As a first affirmative defense, defendants allege that neither plaintiff's complaint

13    nor any claim for relief therein state facts sufficient to constitute a claim for relief against

14    defendants.

15    ### SECOND AFFIRMATIVE DEFENSE

16         69.     As a second affirmative defense, defendants allege, on information and belief, that

17    through plaintiff's conduct, to be determined by the court/jury as comparative or contributory

18    fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief

19    asserted in his complaint.

20    ### THIRD AFFIRMATIVE DEFENSE

21         70.     As a third affirmative defense, defendants allege, on information and belief, that

22    any damages sustained by plaintiff by reason of the events alleged in his complaint were

23    proximately caused or contributed to by plaintiff's conduct, to be determined by the court/jury.

24    ### FOURTH AFFIRMATIVE DEFENSE

25         71.     As a fourth affirmative defense, defendants allege, on information and belief, that

26    plaintiff's damages and/or policy benefits, to be determined by the court/jury, are subject to

27    reduction and/or elimination pursuant to offset and/or policy limitations.

28

1

## FIFTH AFFIRMATIVE DEFENSE

2        72.    As a fifth affirmative defense, defendants allege that plaintiff has failed to satisfy

3   all conditions precedent to receipt of benefits under any policy.

4                         ## SIXTH AFFIRMATIVE DEFENSE

5        73.    As a sixth affirmative defense, defendants allege, on information and belief, that

6   plaintiff, as to be determined by the court/jury, is barred and estopped by the equitable doctrine

7   of unclean hands from seeking or obtaining any recovery against defendants by reason of his

8   complaint.

9                     ## SEVENTH AFFIRMATIVE DEFENSE

10       74.    As a seventh affirmative defense, defendants deny that plaintiff has sustained any

11  injury or damage by any act or omission by defendants.  However, if it is established that

12  plaintiff suffered an injury or damage for which defendants are held liable, defendants allege that

13  such injury or damage is to be determined by the court/jury as proximately caused or contributed

14  to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on his behalf

15  and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any

16  damages plaintiff can recover from defendants in this action.

17                        ## EIGHTH AFFIRMATIVE DEFENSE

18       75.    As an eighth affirmative defense, defendants allege that any and all losses or

19  damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be

20  determined by the court/jury as proximately caused in whole or in part by the negligence or fault

21  of persons or entities other than defendants, and for whom defendants are not responsible.  The

22  negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may

23  recover from defendants in this action.

24                         ## NINTH AFFIRMATIVE DEFENSE

25       76.    As a ninth affirmative defense, defendants allege that plaintiff, as to be

26  determined by the court/jury, failed to exercise reasonable care and diligence to mitigate his

27  damages, if he has any.  As a consequence, plaintiff's claim should be barred, or alternatively,

28  any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to

-9-

1 mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

77.    As a tenth affirmative defense, defendants allege that plaintiff's claims for relief, as to be determined by the court/jury, are barred by the principle of unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

78.    As an eleventh affirmative defense, defendants allege that each and every act or statement done or made by defendants, or by defendants' agents or employees, with reference to plaintiff, before and after plaintiff filed his original complaint, was privileged as a good faith assertion of defendants' legal and contractual rights.

## TWELFTH AFFIRMATIVE DEFENSE

79.    As a twelfth affirmative defense, defendants allege that plaintiff has failed to allege, and cannot prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to Civil Code section 3294.

## THIRTEENTH AFFIRMATIVE DEFENSE

80.    As a thirteenth affirmative defense, defendants allege that an award of punitive damages would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

81.    As a fourteenth affirmative defense, defendants allege that any award of punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

## FIFTEENTH AFFIRMATIVE DEFENSE

82.    As a fifteenth affirmative defense, defendants allege that plaintiff, by virtue of the legal doctrines of waiver and laches, is estopped from pursuing some or all of the claims alleged against defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

83.    As a sixteenth affirmative defense, defendants alleges that plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

84.    As a seventeenth affirmative defense, defendants allege that plaintiff's "indemnity" and/or purported contract damage claims, if any, are limited by the provisions of ERISA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

85.    As an eighteenth affirmative defense, defendants allege that plaintiff's remedy for any alleged "indemnity" and/or breach of contract is preempted by ERISA.

## NINETEENTH AFFIRMATIVE DEFENSE

86.    As a nineteenth affirmative defense, defendants assert that there has been no "racketeering activity."  18 U.S.C. Sections 1961(1), 1962(c).

## TWENTIETH AFFIRMATIVE DEFENSE

87.    As a twentieth affirmative defense, defendants assert that there have been no predicate acts or pattern as required under RICO.  18 U.S.C. Sections 1961(5), 1962.

## TWENTY FIRST AFFIRMATIVE DEFENSE

88.    As a twenty-first affirmative defense, defendants assert that there is no existence of an enterprise. 18 U.S. C. Section 1961, et seq.; *Chang v. Chen*, 80 F.3d 1293, 1295 (9th Cir. 1996).

## TWENTY SECOND AFFIRMATIVE DEFENSE

89.    As a twenty-second affirmative defense, defendants assert that they did not owe a fiduciary duty to plaintiff.

## TWENTY THIRD AFFIRMATIVE DEFENSE

90.    As a twenty-third affirmative defense, defendants assert that plaintiff's claims are barred by res judicata.

-11-

1

### TWENTY FOURTH AFFIRMATIVE DEFENSE

2      91.    As a twenty-fourth affirmative defense, defendants assert that plaintiff's claims

3  are barred by collateral estoppel.

4

### TWENTY FIFTH AFFIRMATIVE DEFENSE

5      92.    As a twenty-fifth affirmative defense, defendants allege that they acted in good

6  faith toward plaintiff in the sale, marketing, and handling of the policy and in every other aspect

7  of their dealings with plaintiff.

8

### TWENTY SIXTH AFFIRMATIVE DEFENSE

9      93.    As a twenty-sixth affirmative defense, defendants allege that some or all of the

10  claims for relief asserted by plaintiff are barred by the applicable statutes of limitations,

11  including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339,

12  340, and 343; Business and Professions Code §17208; and 18 U.S.C. Section 1964, et seq.

13

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

14      94.    As a twenty-seventh affirmative defense, defendants allege that plaintiff has not

15  shown that he has standing to allege a cause of action under Business and Professions Code

16  Section 17200.

17

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

18      95.    As a twenty-eighth affirmative defense, defendants allege that any claim for

19  restitution and attorneys fees under California Business and Professions Code §17200 ("B.P.

20  17200"), violates defendants' s constitutional right of due process under the Constitutions of the

21  State of California and the United States because plaintiff seeks recovery of alleged profits that

22  purportedly must be refunded to individuals who are not parties to this action and, therefore, are

23  not bound by any judgment in this action.  As a result, regardless of the outcome of this action,

24  defendants still may be subject to an unlimited number of lawsuits from other members of the

25  general public over the same alleged practices that are the subject of this matter.

26

### TWENTY NINTH AFFIRMATIVE DEFENSE

27      96.    As a twenty-ninth affirmative defense, defendants allege that each insured that

28  plaintiff purports to represent has, as a result of the insured's contractual relationship with

-12-

1  defendants, an adequate remedy at law for any and all alleged unfair practices that are the subject

2  of the complaint.  Plaintiff's claims for relief are barred to the extent that the insureds, that

3  plaintiff purports to represent, could have exercised their legal rights, did exercise their legal

4  rights, or are barred by law from exercising their legal rights against defendants for any alleged

5  unfair practices.  Moreover, the availability to defendants' insureds of a legal remedy, including

6  but not limited to contractual damages bars plaintiff in this action from obtaining relief in equity

7  in the form of an injunction, restitution and/or disgorgement.

8  **THIRTIETH AFFIRMATIVE DEFENSE**

9  97.     As a thirtieth affirmative defense, defendants allege that plaintiff's claim for relief

10  under B.P. 17200 should be dismissed because the California Department of Insurance has

11  exclusive jurisdiction over the issues raised in this claim for relief.

12  **THIRTY FIRST AFFIRMATIVE DEFENSE**

13  98.     As a thirty-first affirmative defense, defendants allege that plaintiff's claim for

14  relief under B.P. 17200 should be dismissed, or in the alternative stayed, because the California

15  Department of Insurance has primary jurisdiction over the issues raised in this cause of action.

16  **THIRTY SECOND AFFIRMATIVE DEFENSE**

17  99.     As a thirty-second affirmative defense, defendants allege that plaintiff's claim for

18  relief under B.P. 17200, on behalf of the citizens of the State of California, violates defendants'

19  right to due process and equal protection under the United States and California Constitutions in

20  that, among other things, plaintiff has failed to employ class action procedures in bringing this

21  matter on behalf of the citizens of the State of California, has failed to specifically identify the

22  other insureds and/or claims that are the subject of this action aside from plaintiff's, and seeks to

23  compel defendant to litigate claims to which there can be no binding judgment and no finality.

24  **THIRTY THIRD AFFIRMATIVE DEFENSE**

25  100.     As a thirty-third affirmative defense, defendants allege that this court does not

26  have jurisdiction over the alleged unfair business practices that are the subject of plaintiff's sixth

27  cause of action.  The alleged unfair business practices by defendants did not take place in

28  California.  This court does not have the jurisdiction or power to enjoin conduct undertaken

-13-

1  outside of California.

2  ### THIRTY FOURTH AFFIRMATIVE DEFENSE

3      101.    As a thirty-fourth affirmative defense, defendants allege that plaintiff's sixth

4  cause of action, since it attempts to regulate alleged conduct by defendants allegedly taking place

5  outside California, is barred in whole or in part by Art. I, section 8, clause 3 of the United States

6  Constitution.

7  ### THIRTY FIFTH AFFIRMATIVE DEFENSE

8      102.    As a thirty-fifth affirmative defense, defendants allege that plaintiff is not entitled

9  to any injunctive relief because he has not, and cannot, establish entitlement to equitable relief,

10  including the threat of irreparable harm and a reasonable likelihood that the alleged wrongful

11  conduct is repetitive.

12  ### THIRTY SIXTH AFFIRMATIVE DEFENSE

13      103.    As a thirty-sixth affirmative defense, defendants reserve their right to assert

14  additional defenses based on information gathered in the course of additional investigation and

15  discovery.

16  ### PRAYER FOR RELIEF

17      WHEREFORE, defendants pray for judgment to in their favor as follows:

18      1.    That plaintiff take nothing by reason of his complaint on file herein;

19      2.    That defendants be awarded their costs and expenses incurred in this action;

20      3.    That defendants be awarded their attorneys' fees incurred in this action; and

21      4.    That defendants recover such other and further relief as the Court may deem just

22  and proper.

23                          KELLY, HERLIHY & KLEIN LLP

24  Dated: June 21, 2007              By_____/s/_____
                                              John T. Burnite
25                                      Attorneys for Defendants
26                              UNUM GROUP, UNUM LIFE INSURANCE
                              COMPANY OF AMERICA, FIRST UNUM LIFE
27                              INSURANCE COMPANY OF AMERICA, and
                              THE PAUL REVERE LIFE INSURANCE COMPANY
28  E:\27162\P06.doc

-14-

1

PROOF OF SERVICE
*Sommer v. UnumProvident, et al.*
Marin Superior Court, Case No. CIV 064927

2

3

4

I, ZHANNA KOPYLOV, declare:

5

6

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

7

8

On June 21, 2007, I served the attached **ANSWER BY DEFENDANTS UNUM GROUP, UNUM LIFE INSURANCE COMPANY OF AMERICA, FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA AND THE PAUL REVERE LIFE INSURANCE COMPANY TO FIRST AMENDED COMPLAINT,** on the interested parties in said action,

9

10

11

__X__    **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

12

13

14

___    **(by personal delivery)** by having a true copy thereof personally delivered to the person listed below by a non-interested party employed by the law firm of Kelly, Herlihy & Klein LLP.

15

16

___    **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

17

18

___    **(by facsimile transmission as indicated below)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

19

20

21

Stephen W. Steelman, Esq.
Law Office of Stephen W. Steelman
22 Battery Street, Suite 333
San Francisco, CA 94111
Fax: (415) 593-3778

Attorney(s) for Plaintiff ALEXANDER
SOMMER

22

23

24

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 21, 2007 at San Francisco, California.

25

26

27

ZHANNA KOPYLOV

28