THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
       jtb@kelher.com

Attorneys for Defendants
UNUM GROUP, UNUM LIFE INSURANCE
COMPANY OF AMERICA, FIRST UNUM
LIFE INSURANCE COMPANY OF AMERICA, and THE
PAUL REVERE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER P. SOMMER, an individual, by and through his Guardian ad Litem, CHRISTIAN SOMMER,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM, UNUMPROVIDENT CORPORATION; UNUM PROVIDENT LIFE INSURANCE COMPANY OF AMERICA; FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA; PAUL REVERE LIFE INSURANCE COMPANY,<br><br>Defendants | Case No.: C07-2846 SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 7, 2007<br>Time: 10:00 a.m.<br>Ctrm. 1 (17th Floor) |

1. **Jurisdiction and Service**

The Parties agree that this court has federal question jurisdiction and well as diversity jurisdiction.

All parties have been served and have appeared.

2. **Facts**

**Plaintiff's Contentions/Allegations**

Plaintiff contends that the following matters are relevant to the present action. During or about May 1995, Plaintiff Alexander P. Sommer, a partner in a stock brokerage firm, was diagnosed with organic brain deficits secondary to multiple brain surgeries and brain infection. Beginning in the mid 1990's, plaintiff Alexander Sommer sought disability benefits under polices he had obtained both individually and through various employers including , Henry F. Swift & Company, Piper Jaffray Inc., and Wedbush Morgan Securities. Following denial by Unum of the claims for benefits under those policies allegedly purchased through his employers, Sommer sued in federal court. Significantly, Provident Accident and Life Insurance Company, , determined that Sommer was disabled and paid him the full amount of his benefits due under the policy. Unum Group is Provident's parent company.

**Defendants' Contentions/Allegations**

Defendants contend that the following matters are relevant to the present action. In *Sommer v. First Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-96-02407 DLJ (PJH), District Court Judge Jensen issued a final judgment. ("*Sommer I*."). The judgment was affirmed on appeal to the Ninth Circuit. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5388 (9th Cir. 1999). Sommer filed his claim with the company again. His claim was for the same alleged disability and under the same policies. Unum again rejected the claims. Plaintiff alleges that Unum did so without further investigation. Following this second rejection, Sommer filed a second suit in federal court. *Sommer v. Unum Life*, United States District Court, Northern District of California, Case No. CV-97-4159 SBA. ("*Sommer II*"). In *Sommer II*, District Judge Armstrong dismissed the case based on lack of jurisdiction and because Sommer II was barred by res judicata. Judge

-1-

Armstrong also sanctioned plaintiff's counsel $1,000.00. The Ninth Circuit affirmed on res judicata grounds. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5382 (9th Cir. 1999). After yet another rejection of the same disability claim by Unum, Sommer brought a third suit, again in Judge Armstrong's court. *Sommer v. Unum Life*, the United States District Court, Northern District of California, Case No. CV-00-01368 SBA. ("*Sommer III*"). The district court dismissed Sommer III on res judicata grounds. The district court also imposed $2,500 in Rule 11 sanctions and imposed attorneys' fees and costs against Sommers attorney (John G. Warner) pursuant to 29 U.S.C. Section 1132(g)(1) after finding that the *Sommer III* complaint was frivolous in light of *Sommer I* and *Sommer II*. Plaintiff appealed. The Ninth Circuit affirmed the *Sommer III* district court's decision is all respects.

Plaintiff filed this matter ("*Sommer IV*") in California Superior Court based on the same alleged disability and same policies previously litigated. Defendants timely removed the matter.

3. **Legal Issues**

   a. **Plaintiff's contentions**
   
   - Whether plaintiff suffered injury to his person or property due to defendants' operation of an enterprise in or through a pattern of racketeering activity.
   
   b. **Defendants' contentions**
   
   - Whether plaintiff's claims are barred by res judicata;
   - Whether the court should exercise its inherent power to deem plaintiff a vexatious litigant;
   - Whether the court should impose Rule 11 sanctions against plaintiff and/or his attorney of record; and
   - Whether the court should grant defendants' attorneys fees and costs insured for having to defend themselves in *Sommer IV*.

4. **Motions**

Defendants intend to file a motion for summary judgment. Defendants also will seek a judicial finding that Alexander Sommer is a vexatious litigant, and an Order that Sommer will be

-2-

enjoined from filing any further action or pleadings against defendants or be required to post security to proceed with any litigation. Defendants anticipate filing a motion for sanctions under FRCP 11 related to the frivolous filing of *Sommer IV*. Defendants also intend to file a motion to recover their attorneys' fees and costs in this matter.

Plaintiff intends to file a Motion for Summary Judgment/Adjudication. Other Law and Motion practice as dictated by the course and progress of the litigation

### 5. Amendment of Pleadings

The parties presently do not anticipate any amendments to the pleadings.

### 6. Evidence Preservation

The parties have undertaken reasonable steps to preserve evidence relevant to the issues in this matter.

### 7. Disclosures

The parties have agreed to defer making initial disclosures until after defendants' motion for summary judgment is heard.

### 8. Discovery

Due to the procedural issues in this matter, defendants request that discovery be stayed pending resolution of their motion for summary judgment.

### 9. Class Actions

Not Applicable.

### 10. Related Cases

There are no pending related actions. However, as noted above, defendants contend that *Sommer IV* is barred by res judicata.

On May 10, 2002, The United States Court of Appeals for the Ninth Circuit gave consideration to the Sommer case for the fifth time, issuing a memorandum (not for publication) on the following matters which, defendants contend, are related to the present matter:

- *Sommer v. Unum Life*, United States Court of Appeals for the Ninth Circuit, Case No. 01-15733, (United States District Court, Northern District of California, Case No. CV-00-01368 SBA);

- *Sommer v. Unum Life*, United States Court of Appeals for the Ninth Circuit, Case Nos. 01-15734, (United States District Court, Northern District of California, Case No. CV-00-01368 SBA);
- *Sommer v. First Unum* Life, et al., United States Court of Appeals for the Ninth Circuit, Case Nos. 01-15735, (United States District Court, Northern District of California, Case No. CV-96-02407 DLJ (PJH)); and
- *Sommer v. Unum Life*, United States Court of Appeals for the Ninth Circuit, Case Nos. 01-15736, (United States District Court, Northern District of California, Case No. CV-00-01368 SBA).

The Ninth Circuit affirmed the judgments of both district courts and stated "These cases are concluded."

**11. Relief**

Plaintiff seeks special, general and exemplary damages.

Defendants do not seek monetary relief except to the extent sanctions, attorneys' fees and costs are sought. Defendants will ask the court to deem plaintiff to be a vexatious litigant and to enjoin him from filing any other litigation against defendants unless he first obtains judicial approval to file any such new litigation and/or posts security. Defendants also will seek attorneys' fees and costs of suit.

**12. Settlement and ADR**

The parties have agreed that Early Neutral Evaluation is the most appropriate ADR method for this matter. However, defendants respectfully request that the time to complete ADR be stayed or deferred until after defendants' motion for summary judgment is heard.

**13. Consent to Magistrate Judge For All Purposes**

The parties do no consent to a Magistrate Judge for this matter.

**14. Other References**

Not applicable at this time.

//
//

### 15. Narrowing of Issues

The parties anticipate that the issues will be significantly narrowed by their court's determination of the respective Motions for Summary Judgment.

### 16. Expedited Schedule

Defendants believe that an early summary judgment motion is the most efficient manner to expeditiously resolve this matter. Plaintiff agrees that such motions are the most efficient means of advancing or resolving the litigation.

### 17. Scheduling

The Parties propose to defer setting pretrial dates, in anticipation of defendants' motion for summary judgment.

### 18. Trial

Plaintiff demanded a jury trial in this matter. If plaintiff's claims for relief survive summary judgment, the trial will take 10 days according to plaintiff.

### 19. Disclosure of Non-Party Interested Entities or Persons

Plaintiff is currently unaware of any Non-Party Interested Entities or Persons.

Defendants filed their Certification of Interested Entities or Persons as follows: other than the named parties, there is no such interest to report.

### 20. Other Matters

None at this time.

LAW OFFICE OF STEPHEN W. STEELEMAN

Dated: August 31, 2007  By _____
Stephen W. Steelman
Attorneys for Plaintiff
ALENXANDER P. SOMMER

-5-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

CASE NO. C07-2846 SC

KELLY, HERLIHY & KLEIN LLP

Dated: August 31, 2007                    By  /s/ John T. Burnite
                                              John T. Burnite
                                          Attorneys for Defendants
                                    UNUM GROUP, UNUM LIFE INSURANCE
                                    COMPANY OF AMERICA, FIRST UNUM LIFE
                                    INSURANCE COMPANY OF AMERICA, and
                                    THE PAUL REVERE LIFE INSURANCE COMPANY

E:\27162\P07.doc