THOMAS M. HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
       jtb@kelher.com

Attorneys for Defendants
UNUM GROUP, UNUM LIFE INSURANCE
COMPANY OF AMERICA, FIRST UNUM
LIFE INSURANCE COMPANY OF AMERICA, and THE
PAUL REVERE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER P. SOMMER, an individual, by and through his Guardian ad Litem, CHRISTIAN SOMMER,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM, UNUMPROVIDENT CORPORATION; UNUM PROVIDENT LIFE INSURANCE COMPANY OF AMERICA; FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA; PAUL REVERE LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.: C07-2846 SC<br><br>**CERTIFICATE/MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OR, IN THE ALTERNATIVE, TO MAKE A JUDICIAL REFERRAL TO JUDGE JENSEN AND/OR JUDGE ARMSTRONG REGARDING RELATED CASES**<br><br>Date: September 21, 2007<br>Time: 10:00 a.m.<br>Ctrm. 1 (17th Floor) |

Defendants UNUM Group f/k/a UnumProvident Corporation, Unum Life Insurance Company of America, First Unum Life Insurance Company of America, and The Paul Revere Life Insurance Company (herein "defendants") submit this certificate/memorandum of points and authorities in support of *sua sponte* dismissal of this frivolous action. Alternatively, a judicial referral to Judge Jensen and/or Armstrong should be made insofar as this action is related to previously adjudicated actions.

## I.
## INTRODUCTION

This action should be dismissed or referred to District Court Judge Jensen or District Court Judge Armstrong because the action is related to one or more previously adjudicated actions filed by plaintiff Alexander Sommer. Dismissal is proper because plaintiff is attempting to re-litigate old claims cloaked in new legal theories. Thus, plaintiff's purported claims are barred by *res judicata*. If the action is not dismissed, referral to Judge Jensen or Judge Armstrong is proper because the present matter concerns substantially the same parties and transactions or events as were addressed in prior litigation before these judges. Indeed, the present action is predicated on the same long term disability insurance policies, the underlying claims for benefits which plaintiff made under those policies, and defendants' claims decisions, all of which were finally determined in prior litigation matters. Thus, there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

The following matters bar plaintiff from relitigating the purported claims herein:

- *Sommer v. First Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-96-02407 DLJ (PJH);
- *Sommer v. Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-97-4159 SBA; and
- *Sommer v. Unum Life, et al.*, the United States District Court, Northern District of California, Case No. CV-00-01368 SBA.

Plaintiff made repeated appeals to the Ninth Circuit. The Ninth Circuit affirmed the judgments (and dismissals) in favor of defendants.

In addition to dismissing *Sommer IV*, defendants request that plaintiff be deemed a vexatious litigant and be enjoined from filing any further pleading(s) against defendants without first obtaining judicial permission to file any such pleading. Defendants further request that they be awarded their attorneys' fees and costs incurred in defending this action.

## II

## BACKGROUND FACTS[1]

Plaintiff Alexander Sommer was employed as an account executive for Henry F. Swift & Co. (Swift), a securities firm, from November 1988 through December 1992. Throughout plaintiff's employment with Swift, defendant The Paul Revere Life Insurance Company ("Paul Revere") issued long term disability insurance policies to employees such as plaintiff. After Swift merged with Piper Jaffray, Inc. (Piper) in January 1993, plaintiff continued to work as an account executive for Piper. However, plaintiff was fired by Piper in August 1994 for lack of production. Approximately one month later, plaintiff obtained employment as an account executive at Wedbush Morgan Securities (Wedbush), where he was employed from September 1994 through January 1996. In January 1996, plaintiff's poor health forced him to terminate his employment. While plaintiff worked for both Piper and Wedbush, defendant Unum Life Insurance Company of America ("Unum") issued long term disability policies to employees such as plaintiff.

In November 1998, while employed by Swift, plaintiff fell ill and was eventually required to undergo three separate brain surgeries. Plaintiff alleged that as a result of these surgeries, he was totally disabled during the times he was employed by Swift, Piper, and Wedbush due to organic brain deficits. On January 15, 1990, plaintiff filed a claim for disability benefits with Paul Revere, which was rejected on February 7, 1990. In September 1994, plaintiff filed a claim with Unum for disability benefits payable under the terms of the Piper policy. On

---

[1] These facts are set forth in an April 19, 2000 Order written by Judge Jensen in *Sommer I*.

-2-

July 10, 1995, plaintiff's claim was rejected by Unum. On January 26, 1996, plaintiff filed a disability claim with Unum under the Wedbush policy. That claim was denied on April 24, 1996. In addition, plaintiff submitted a second claim to Paul Revere on May 30, 1996, which was denied on July 18, 1996.

On May 22, 1996, plaintiff filed a complaint in San Francisco Superior Court against Unum for breach of contract and breach of the duty of good faith and fair dealing. On July 2, 1996, Unum removed the case to federal court claiming federal jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA, 29 U.S.C. Section 1144(a) & (b)(2)(a). After hearing on Unum's motion to dismiss and plaintiff's motion for leave to amend, the court granted plaintiff leave to file a first amended complaint alleging ERISA claims against defendants including Unum and Paul Revere.

## III

## PROCEDURAL FACTS

In *Sommer v. First Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-96-02407 DLJ (PJH), District Court Judge Jensen issued a final judgment against plaintiff in favor of defendants. ("*Sommer I*"). On June 17, 1997, the court issued an Order granting summary judgment for Paul Revere and Unum in *Sommer I*. In granting summary judgment for Paul Revere, the court found that the statute of limitations had run on plaintiff's claim. In granting summary judgment for Unum, the court affirmed Unum's claim decisions (under the Piper and Wedbush policies). The judgment was affirmed on appeal to the Ninth Circuit. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5388 (9th Cir. 1999).

Notwithstanding the judgment entered in *Sommer I*, Sommer filed his claim with the company again. His claim was for the same alleged disability under the same policy, so Unum rejected it again. Following this second rejection, Sommer filed his second suit in federal court. *Sommer v. Unum Life*, United States District Court, Northern District of California, Case No. CV-97-4159 SBA. ("*Sommer II*"). In *Sommer II*, District Judge Armstrong dismissed the case based on lack of jurisdiction (because plaintiff had an appeal pending in *Sommer I*) and because

-3-

*Sommer II* was barred by *res judicata*. Judge Armstrong also imposed a fine of $1,000.00 in Rule 11 sanctions. The Ninth Circuit affirmed on *res judicata* grounds. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5382 (9th Cir. 1999).

After yet another submission of the same disability claim to Unum and Unum's rejection of that claim, Sommer brought a third suit, again in Judge Armstrong's court. *Sommer v. Unum Life*, the United States District Court, Northern District of California, Case No. CV-00-01368 SBA. ("*Sommer III*"). The district court dismissed *Sommer III* on *res judicata* grounds. The district court also imposed a fine of $2,500 in Rule 11 sanctions and imposed attorneys' fees and costs against Sommer's attorney pursuant to 29 U.S.C. Section 1132(g)(1) after finding that the *Sommer III* complaint was frivolous in light of *Sommer I* and *Sommer II*. Plaintiff appealed. The Ninth Circuit affirmed the *Sommer III* district court's decision is all respects.

On May 10, 2002, The United States Court of Appeals for the Ninth Circuit gave consideration to the Sommer case for the <u>fifth</u> time, issuing a memorandum (not for publication) regarding *Sommer 1, Sommer II* and *Sommer III*. The Ninth Circuit affirmed the judgments of both district courts and stated "These cases are concluded." A true and correct copy of the Memorandum is attached hereto as Exhibit A.

Plaintiff filed this matter ("*Sommer IV*") in California Superior Court, County of Marin, based on the same alleged disability and same policies previously litigated. Defendants timely removed the matter. Plaintiff attempts to litigate old adjudicated claims cloaked in new legal theories. He names the same defendants (Unum Life, First Unum and Paul Revere) that he previously sued, as well as their parent company (Unum Group). Here, plaintiff now labels his purported claims for ERISA benefits allegedly due under the policies as "indemnity." He also alleges purported claims under RICO and California's Unfair Business Practices Act which are based on the same, previously adjudicated facts regarding his claims for benefits (and extraordinarily similar to the barred "bad faith" claim he tried to allege in *Sommer I*). Although they have a Rule 11 duty to investigate the basis for the Complaint before filing, plaintiff's counsel in the current matter knows of the litigation history outlined above. Defendants demand, based upon these undisputed facts, that plaintiff dismiss the action, but he refuses to do so.

*Sommer IV* is frivolous in light of *Sommer I*, *Sommer II* and *Sommer III*. This action should be dismissed or, in the alternative, referred to Judge Jensen or Judge Armstrong because the actions are related. The actions concern substantially the same parties and transactions or events.

## IV

## LEGAL DISCUSSION

### A.  The District Court Should Dismiss *Sommer IV*.

The doctrine of res judicata bars the re-litigation of the same claims by the same parties. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 (9th Cir. 2005). Thus, where such claims already received a final judgment on the merits, the court must dismiss the claims. *Id.*; see also *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Sua sponte Fed. R. Civ. P. 12(b)(6) dismissals on the basis of *res judicata* are authorized. *State of Arizona v. State of California*, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L. Ed. 2d 374 (2000) (court may *sua sponte* dismiss action on *res judicata* grounds to avoid "unnecessary judicial waste"). Defendants request that the court take judicial notice of the pleadings and papers on file in *Sommer I*, *Sommer II*, and *Sommer III*.

Whether a suit involves the same "claim" as an earlier suit is determined by looking at four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costanini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

### B.  The Court May Make A Judicial Referral Regarding These Related Cases.

Pursuant to Local Rule 3-12(c) this court may refer the present action to Judge Jensen or Armstrong. Plaintiff cannot dispute that *Sommer I*, *Sommer II*, *Sommer III* and *Sommer IV* are related. Indeed, the Joint Case Management Conference Statement on file herein shows that the actions are related. Therefore, a referral will avoid undue burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

|   |   |
|---|---|
| 1 | KELLY, HERLIHY & KLEIN LLP |
| 2 |   |
| 3 | Dated: September 18, 2007          By _____ |
| 4 |                                                                    John T. Burnite |
|   |                                                                Attorneys for Defendants |
| 5 |                                                UNUM GROUP, UNUM LIFE INSURANCE |
|   |                                              COMPANY OF AMERICA, FIRST UNUM LIFE |
| 6 |                                              INSURANCE COMPANY OF AMERICA, and |
|   |                                              THE PAUL REVERE LIFE INSURANCE COMPANY |
| 7 |   |

E:\27162\P08A.doc

-6-

CERTIFICATE IN SUPPORT OF DISMISSAL OR A JUDICIAL REFERRAL RE RELATAED CASES
CASE NO. C07-2846 SC

# EXHIBIT "A"

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 10 2002

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER P. SOMMER,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant - Appellee. | Nos. 01-15733<br><br>D.C. No. CV-00-1368 SBA |
| ALEXANDER P. SOMMER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a corporation,<br><br>    Defendant - Appellee,<br><br>JOHN G. WARNER,<br><br>    Real-party-in-interest - Appellant. | No. 01-15734<br><br>D.C. No. CV-00-01368-SBA |

| | |
|---|---|
| ALEXANDER P. SOMMER, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, a corporation, et al.,<br><br>Defendants - Appellees. | No. 01-15735<br><br>D.C. No.<br>CV-96-02407-DLJ(PJH) |
| ALEXANDER P. SOMMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a corporation;,<br><br>Defendant - Appellee,<br><br>JOHN G. WARNER,<br><br>Real-party-in-interest - Appellant. | No. 01-15736<br><br>D.C. No. CV-00-1368-SBA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted April 11, 2002
San Francisco, California

Before: SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges

Beginning in the mid-1990s, Appellant Alexander Sommer sought disability benefits under policies he obtained through his employer, Wedbush. Following denial of benefits by appellee UNUM, he sued in federal court.

This panel's consideration is the fifth given to this case in the federal courts. District Court Judge Jensen issued a final judgment in *Sommer I*. This court affirmed the summary judgment. *Sommer v. UNUM Life Ins. Co. of Am.*, 1999 U.S. App. LEXIS 5388 (9th Cir. 1999). Sommer filed his claim with the company again. His claim was for the same disability and the same policy, so UNUM rejected it again. Following this second rejection, Sommer filed his second suit in federal district court. In *Sommer II*, District Judge Armstrong dismissed the case based on lack of jurisdiction because *Sommer I* was pending before the Ninth Circuit and also imposed $1,000 in Rule 11 sanctions. She noted that even if the court did have jurisdiction, *Sommer II* would be barred by res judicata as a result of *Sommer I*. This court agreed, affirming on res judicata grounds. *Sommer v. UNUM Life Ins. Co. of Am.*, 1999 U.S. App. LEXIS 5382 (9th Cir. 1999). After yet another rejection of the same disability claim by UNUM, Sommer brought a third suit, again in Judge Armstrong's court. The district court dismissed *Sommer*

3

*III* on res judicata grounds. The district court also imposed $2,500 in Rule 11 sanctions and assessed attorneys' fees and costs against Sommer's attorney pursuant to 29 U.S.C. § 1132(g)(1).

Sommer appeals these *Sommer III* decisions, as well as Judge Jensen's refusal to amend his final judgment in *Sommer I* per Sommer's Rule 60(a) motion. We have jurisdiction over all of Sommer's claims pursuant to 28 U.S.C. § 1291. We affirm the *Sommer III* district court's decision in all respects. We also affirm the *Sommer I* court's denial of Sommer's Rule 60(a) motion for correction of a clerical mistake.

Because the parties are familiar with the facts underlying Sommer's appeal, we repeat them only as necessary.

Sommer claims that District Judge Armstrong erred when she granted UNUM summary judgment in *Sommer III* on res judicata grounds. We review an order granting summary judgment de novo. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001). To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

Sommer argues that res judicata does not apply because Judge Jensen did not, in fact, issue a final judgment on the merits in *Sommer I*. Sommer claims that his failure to exhaust his administrative remedies should have resulted in a dismissal without prejudice rather than summary judgment.

Sommer is incorrect. Summary judgment is an appropriate action where a plaintiff has failed to exhaust ERISA administrative remedies. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1480 (9th Cir. 1995); *Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 992 (9th Cir. 1996). Judge Jensen recognized as much by citing *Denton v. First Nat'l Bank*, 765 F.2d 1295 (5th Cir. 1985), which holds that, although remand is often desirable, summary judgment is also appropriate where a plaintiff has failed to exhaust remedies.

Next Sommer argues that Judge Armstrong abused her discretion when she imposed Rule 11 sanctions in *Sommer III*. Orders imposing Rule 11 sanctions are reviewed for an abuse of discretion. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 n.16 (9th Cir. 2001). A district court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999).

Judge Armstrong imposed Rule 11 sanctions after finding that the *Sommer III* complaint was frivolous in light of *Sommer I* and *Sommer II*. We agree. As Judge Armstrong noted, Sommer's counsel "should have known, after *Sommer I* and *Sommer II*, that the claim for benefits under the Wedbush policy was barred by the doctrine of res judicata." This court held in *Sommer II* that res judicata barred the claims, thus foreclosing relitigation of whether or not there was a final judgment in *Sommer I*. Seeking another bite at the apple by filing *Sommer III* in the hope of a different result was frivolous. Judge Armstrong did not abuse her discretion when she imposed sanctions under Rule 11.

Sommer also challenges Judge Armstrong's order requiring Sommer's attorney to pay $6,574.85 in attorneys' fees and costs to UNUM. Judge Armstrong imposed sanctions under ERISA pursuant to 29 U.S.C. § 1132(g)(1). That section provides:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

In *Hummel v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), we set out five factors a court should consider in exercising its discretion to award fees and costs under § 1132(g)(1): (1) the degree of the opposing parties' culpability or bad

6

faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.*

We review an award of attorneys' fees pursuant to ERISA under an abuse of discretion standard. *Id.* at 452. We will find an abuse of discretion only when we have a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors. *Id.*

Sommer does not argue with the district court's specific findings with respect to the *Hummel* factors. Instead, he argues that Judge Armstrong did not have the authority to impose the fees and costs on his attorney because counsel was not "a participant, beneficiary, or fiduciary" per § 1132(g)(1). Sommer is mistaken in his reading of the statute. Section 1132(g)(1) requires only that the underlying action be brought by a participant, beneficiary, or fiduciary. The text in no way limits the imposition of fees and costs to those entities. Judge Armstrong stated as much in her order, citing *Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir. 1995) ("Where one of the above enumerated parties – participant, beneficiary, or fiduciary – brings an action, the district court has discretion to

7

award attorney's fees to either plaintiffs or defendants.") Judge Armstrong considered each *Hummel* factor carefully and concluded that *Hummel* factors 1, 2, 3, and 5 weighed strongly in favor of imposing attorneys' costs and fees against Sommer's counsel. She did not abuse her discretion in awarding UNUM fees and costs.

Sommer's final claim arises out of *Sommer I* and is very similar to his res judicata argument in *Sommer III* (see above). While *Sommer III* was pending before Judge Armstrong, Sommer filed a motion with Judge Jensen pursuant to Rule 60(a). In it, Sommer argued that Judge Jensen's designation of his final order in *Sommer I* as a "summary judgment" rather than a "dismissal judgment" was a clerical error.

Rule 60(a) provides that:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party or after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

In his denial of Sommer's Rule 60(a) motion, Judge Jensen made clear that there was, in fact, no clerical error: he intended his June 17, 1997 order in *Sommer*

8

*I* to be a summary judgment, and not a dismissal without prejudice. As discussed above, either was within the district court's authority because Sommer had failed to exhaust his administrative remedies as ERISA requires. Furthermore, Rule 60(a) applies during the pendency of an appeal. By the time Sommer filed his Rule 60(a) motion, the *Sommer I* appeal had been over for nearly two years.

We affirm the judgments of both district courts. We will not entertain a motion for any additional damages pursuant to Rule 38. These cases are concluded.

AFFIRMED.