```
 1  THOMAS M. HERLIHY (SBN 83615)
    JOHN T. BURNITE (SBN 162223)
 2  KELLY, HERLIHY & KLEIN LLP
    44 Montgomery Street, Suite 2500
 3  San Francisco, CA 94104-4798
    Tel.: (415) 951-0535
 4  Fax: (415) 391-7808
    Email: herlihy@kelher.com
 5         jtb@kelher.com
 6
 7
    Attorneys for Defendants
 8  UNUM GROUP, UNUM LIFE INSURANCE
    COMPANY OF AMERICA, FIRST UNUM
 9  LIFE INSURANCE COMPANY OF AMERICA, and THE
    PAUL REVERE LIFE INSURANCE COMPANY
10
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
14  ALEXANDER P. SOMMER, an individual, by )  Case No.:  C07-2846 SC
    and through his Guardian ad Litem,      )
15  CHRISTIAN SOMMER,                       )
                                            )  MOTION TO DISMISS BY
16              Plaintiff,                  )  DEFENDANTS UNUM GROUP; UNUM
                                            )  LIFE INSURANCE COMPANY OF
17         vs.                              )  AMERICA, FIRST UNUM LIFE
                                            )  INSURANCE COMPANY OF
18  UNUM, UNUMPROVIDENT                     )  AMERICA, and THE PAUL REVERE
    CORPORATION; UNUM PROVIDENT LIFE        )  LIFE INSURANCE COMPANY
19  INSURANCE COMPANY OF AMERICA;           )
20  FIRST UNUM LIFE INSURANCE               )
    COMPANY OF AMERICA; PAUL REVERE         )  Specially Set For Submission on the
21  LIFE INSURANCE COMPANY,                 )  Papers
                                            )
22              Defendants.                 )  Ctrm.  1 (17th Floor)
                                            )
23                                          )
                                            )
24                                          )
25
26
27
28
```

MOTION TO DISMISS

CASE NO. C07-2846 SC

Defendants UNUM Group f/k/a UnumProvident Corporation, Unum Life Insurance Company of America, First Unum Life Insurance Company of America, and The Paul Revere Life Insurance Company (herein "defendants") submit this motion to dismiss pursuant to FRCP Rule 12(b)(6) (and pursuant to the briefing schedule established by the Court) on the grounds that plaintiff's purported claims for relief are barred.

## I.

## INTRODUCTION

This frivolous action should be dismissed because plaintiff Alexander Sommer is attempting to re-litigate old claims cloaked in new legal theories. His purported claims are barred by *res judicata* pursuant to the following matters:

- *Sommer v. First Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-96-02407 DLJ (*Sommer I*);
- *Sommer v. Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-97-4159 SBA (*Sommer II*); and
- *Sommer v. Unum Life, et al.*, the United States District Court, Northern District of California, Case No. CV-00-01368 SBA (*Sommer III*).

Plaintiff made repeated appeals to the Ninth Circuit regarding *Sommer I - III*. The Ninth Circuit affirmed the judgments (and dismissals) in favor of defendants.

The present action is predicated on the same long term disability insurance policies, the identical underlying claims for benefits which plaintiff made under those policies, and defendants' claims decisions. Plaintiff's claims arising from these facts have been completely adjudicated in prior litigation. This action constitutes plaintiff's *fourth* lawsuit (*Sommer IV*) against defendants arising from the same transactional nucleus of facts. Plaintiff alleges RICO, unfair business practices, indemnity and punitive damages based on alleged "harm" arising from the denials of his ERISA claims for disability benefits. However, the underlying claims determinations have been fully adjudicated in defendants' favor in *Sommer I, Sommer II*, and *Sommer III* – plaintiff is not eligible for disability benefits under any of the long term group policies. Accordingly, plaintiff has no damages (contract or otherwise), and his purported claims

-1-

1  in this matter are barred under the doctrine of res judicata.

2  In addition to dismissing *Sommer IV*, and awarding defendants' attorneys' fees and costs, defendants request that plaintiff be deemed a vexatious litigant and be enjoined from filing any further pleading(s) against defendants without first obtaining judicial permission to file any such pleading. Irrespective of the labels plaintiff places on his purported claims, they are barred. *Sommer IV* is the epitome of vexatious litigation. Defendants should not be forced to defend plaintiff's duplicative and frivolous lawsuits every few years.

## II

## FACTS

### A.    BACKGROUND FACTS[1]

Plaintiff Alexander Sommer was employed as an account executive for Henry F. Swift & Co. (Swift), a securities firm, from November 1988 through December 1992. Throughout plaintiff's employment with Swift, defendant The Paul Revere Life Insurance Company ("Paul Revere") issued long term disability insurance policies to employees such as plaintiff. After Swift merged with Piper Jaffray, Inc. (Piper) in January 1993, plaintiff continued to work as an account executive for Piper. However, plaintiff was fired by Piper in August 1994 for lack of production. Approximately one month later, plaintiff obtained employment as an account executive at Wedbush Morgan Securities (Wedbush), where he was employed from September 1994 through January 1996. In January 1996, plaintiff's poor health forced him to terminate his employment. While plaintiff worked for both Piper and Wedbush, defendant Unum Life Insurance Company of America ("Unum") issued long term disability policies to employees such as plaintiff.

In November 1998, while employed by Swift, plaintiff fell ill and was eventually required to undergo three separate brain surgeries. Plaintiff alleged that as a result of these surgeries, he was totally disabled during the times he was employed by Swift, Piper, and

---

[1] These facts are set forth in the June 17, 1997 Order written by Judge Jensen in *Sommer I* wherein he granted summary judgment in favor of defendants. See, Exhibit 4, to Declaration of John T. Burnite.

-2-

Wedbush due to organic brain deficits. On January 15, 1990, plaintiff filed a claim for disability benefits with Paul Revere, which was rejected on February 7, 1990. In September 1994, plaintiff filed a claim with Unum for disability benefits payable under the terms of the Piper policy. On July 10, 1995, plaintiff's claim was rejected by Unum. On January 26, 1996, plaintiff filed a disability claim with Unum under the Wedbush policy. That claim was denied on April 24, 1996. In addition, plaintiff submitted a second claim to Paul Revere on May 30, 1996, which was denied on July 18, 1996.

On May 22, 1996, plaintiff filed a complaint in San Francisco Superior Court against First Unum Life Insurance Company of America for breach of contract and breach of the duty of good faith and fair dealing[2]. On July 2, 1996, Unum Life Insurance Company of America (erroneously sued as First Unum Life Insurance Company) removed the case to federal court claiming federal jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA, 29 U.S.C. Section 1144(a) & (b)(2)(a)[3]. After hearing on Unum's motion to dismiss and plaintiff's motion for leave to amend, the court granted plaintiff leave to file a first amended complaint alleging ERISA claims against defendants including Unum and Paul Revere[4].

Recognizing that First Unum did not issue any of the applicable insurance policies to plaintiff's employers, plaintiff effectively dismissed First Unum in *Sommer I* upon the filing of the First Amended Complaint.[5]

**B.    PROCEDURAL FACTS (*Sommer I, II and III*)[6]**

In *Sommer v. First Unum Life, et al.*, United States District Court, Northern District of California, Case No. CV-96-02407 DLJ, District Court Judge Jensen issued a final judgment

---

[2] See, Burnite Declaration, Exh.1

[3] See, Burnite Declaration, Exhs. 2 and 4, at 3:7-10.

[4] See, Burnite Declaration, Exh. 4, at 3:10-15.

[5] See, Burnite Declaration, Exh.3, at caption and at 4:18-23

[6] These procedural facts are set forth in the May 10, 2002 Memorandum (not for publication) issued by The Ninth Circuit regarding disposition of *Sommer I, II and III*. See, Burnite Declaration, Exh. 9

-3-

against plaintiff in favor of defendants. ("*Sommer I*"). On June 17, 1997, the court issued an Order granting summary judgment for Paul Revere and Unum in *Sommer* I[7]. In granting summary judgment for Paul Revere, the court found that the statute of limitations had run on plaintiff's claim. In granting summary judgment for Unum, the court affirmed Unum's claim decisions (under the Piper and Wedbush policies), finding no abuse of discretion in the claim decision and failure to exhaust administrative remedies. The judgments were affirmed on appeal to the Ninth Circuit. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5388 (9th Cir. 1999)[8].

Notwithstanding the judgment entered in *Sommer I*, Sommer filed his claim with the company again. His claim was for the same alleged disability under the same policy, so Unum rejected it again. Following this second rejection, Sommer filed his second suit in federal court. *Sommer v. Unum Life*, United States District Court, Northern District of California, Case No. CV-97-4159 SBA. ("*Sommer II*"). In *Sommer II*, District Judge Armstrong dismissed the case based on lack of jurisdiction (because plaintiff had an appeal pending in *Sommer I*) and because *Sommer II* was barred by *res judicata*. Judge Armstrong also imposed a fine of $1,000.00 in Rule 11 sanctions. The Ninth Circuit affirmed on *res judicata* grounds. *Sommer v. Unum Life Ins. Co of America*, 1999 U.S. App. LEXIS 5382 (9th Cir. 1999)[9].

After yet another submission of the same disability claim to Unum and Unum's rejection of that claim, Sommer brought a third suit, again in Judge Armstrong's court. *Sommer v. Unum Life*, the United States District Court, Northern District of California, Case No. CV-00-01368 SBA. ("*Sommer III*"). The district court dismissed *Sommer III* on *res judicata* grounds. The district court also imposed a fine of $2,500 in Rule 11 sanctions and imposed attorneys' fees and costs ($6,574.85) against Sommer's attorney pursuant to 29 U.S.C. Section 1132(g)(1) after

---

[7] Burnite Declaration, Exh. 4.

[8] Burnite Declaration, Exh. 7

[9] Burnite Declaration, Exh.8

1  finding *Sommer III* was frivolous. Plaintiff appealed. The Ninth Circuit affirmed the *Sommer*
2  *III* district court's decision in all respects.
3      On May 10, 2002, The United States Court of Appeals for the Ninth Circuit gave
4  consideration to the Sommer case for the <u>fifth</u> time, issuing a memorandum (not for publication)
5  regarding *Sommer I, Sommer II* and *Sommer III*. The Ninth Circuit affirmed the judgments of
6  both district courts and stated "These cases are concluded."
7    **C.**    ***Sommer IV* is Based on the Same Transactional Nucleus of Facts As *Sommer I-III***
8      In *Sommer I*, plaintiff's alleged breach of contract, "bad faith" and punitive damages.
9  Since the claims for disability benefits were governed by ERISA, the matter was removed to
10 federal court. Furthermore, because the state law claims were preempted under ERISA, plaintiff
11 filed a first amended complaint for ERISA benefits only. As discussed above, the court in
12 *Sommer I* found that plaintiff's disability claims were properly denied by defendants, and this
13 adjudication was upheld on appeal to the Ninth Circuit. Plaintiff's successive unmeritorious
14 lawsuits (*Sommer II* and *Sommer III*) were dismissed on res judicata grounds, and also were
15 upheld on appeal.
16     Plaintiff concedes the present matter is governed by ERISA. (Complaint at 8:13-14; see
17 also plaintiff's previous judicial admissions in *Sommer I, II and III*). Plaintiff nevertheless tries
18 to end run ERISA and the doctrine of res judicata by alleging purportedly "new" claims for relief
19 (A similar effect to allege "new" claim in *Sommer II* failed).
20     Plaintiff's RICO claim is predicated on the alleged wrongful failure to pay benefits.
21 (Complaint, 8:1-3 ("defendants herein denied all of Alex's claims that he was disabled"), 12:15-
22 19; 12:28-13:1). However, the courts already have adjudicated those claims. Therefore, plaintiff
23 cannot show any actual/requisite economic harm under RICO because plaintiff is not entitled to
24 any benefits under the ERISA-governed insurance policies. Thus, the doctrine of res judicata
25 precludes plaintiff from stating any claim for relief under RICO.
26     Plaintiff alleges unfair business practices because defendants "acted without any good
27 faith intention of actually paying plaintiff should he become disabled." (Complaint, 16:1-2; see
28 also 8:1-3, 15:19-20). Just as ERISA preempted plaintiff's purported "bad faith" claim in

*Sommer I*, the unfair business practice claim not only is preempted here, but it also is barred under res judicata because plaintiff is not entitled to any benefits under the ERISA-governed insurance polices. Plaintiff cannot state any claim for relief that is based on alleged wrongful failure to pay disability benefits.

In addition to the aforementioned labels that plaintiff puts on his already adjudicated claims that defendants should have paid ERISA disability benefits to him, perhaps the most egregious re-labeling is "indemnity." Here, plaintiff alleges, "Defendant insurers, and each of them, as alleged herein above, did both expressly and impliedly insure and indemnify plaintiff against losses arising from his disability." (Complaint, 16:19-20) Plaintiff incorporates by reference the accusations of improper claim handling. (Complaint,16:17-18). This "claim" is particularly vexatious in light of *Sommer I, II and III*.

Finally, plaintiff tried to plead punitive damages against defendants in *Sommer I*. However, because his claims for disability benefits were governed by ERISA, plaintiff was not entitled to any tort or punitive damages. Accordingly, after the hearing of Unum's motion to dismiss, plaintiff filed a first amended complaint in *Sommer I* alleging only a claim for ERISA benefits. As conceded by plaintiff in *Sommer I* through his pleadings, plaintiff has no claim for punitive damages arising from the handling of his claim for ERISA disability benefits. Here, again, plaintiff incorporates the claim handling allegations as a basis for this purported claim (Complaint, 17:6-7).

## III

## LEGAL DISCUSSION

**A.**   ***Sommer IV* is Barred by The Doctrine of Res Judicata**

    **1.**   **Res Judicata Relieves Parties, Like Defendants Herein, From Costs and Vexation of Multiple Lawsuits**

The doctrine of res judicata "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)); see also,

1  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 989 (9th Cir. 2005). Although they have a
2  Rule 11 duty to investigate the basis for the Complaint before filing, plaintiff's counsel in the
3  current matter knows of the litigation history outlined above. Plaintiff refuses to dismiss.
4  Defendants therefore seek dismissal of the present action, attorneys' fees and costs, and an Order
5  enjoining plaintiff from filing any further frivolous actions against defendants.

### 2. Plaintiff's Claims Are Barred In This Matter

Res judicata bars the re-litigation of the same claims by the same parties. Thus, where such claims already received a final judgment on the merits, the court must dismiss the claims. *Id.*; see also *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks omitted).

The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quotation marks and citation omitted); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

#### a. Identity of Claims

In determining whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citation omitted).

Indeed, the Ninth Circuit previously analyzed these factors when it affirmed that *Sommer II* was barred[10]. *Sommer IV* arises from the same transactional nucleus of facts of *Sommer I-III*: Sommer's brain surgeries in 1988 and 1989; Sommer's application for disability benefits from Paul Revere; Paul Revere's denial of benefits; Sommer's application for disability benefits from Unum; and Unum's denial of benefits. All of the lawsuits involve the same parties (Sommer and defendant insurers) and the same claims (alleged damages arising from accusations of wrongful denial of disability benefits under ERISA). Sommer's complaint in each case alleges that same disability, the same cause of disability, and the same right to disability benefits under the same disability policies. Just as the Ninth Circuit previously concluded, the other three factors also establish that Sommer's present action involves the same claim and his prior lawsuits[11]: prosecution of Sommer's fourth action would impair the rights established in the prior judgment that defendants did not violate ERISA in denying benefits, substantially the same evidence is presented in all of the actions, and *Sommer I-IV* involve infringement of the same primary right – to recover benefits payable from a benefits plan covered by ERISA.

To seek a civil remedy for a RICO violation, a "person [must be] injured in his business or property by reason of violation of Section 1962" of the RICO statute. 18 U.S.C. Section 1964(c). The injury must be "a concrete financial loss, and not merely injury to a valuable intangible property interest. *Oscar v. University Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc). In the present matter, plaintiff's RICO allegations incorporate by reference all of the allegations regarding defendants' handling of plaintiff's claim for disability benefits and the determination that plaintiff was not eligible for benefits under ERISA. (Complaint, para38). The purported RICO claim is simply a dressed-up version of the claim for benefits, which the courts now have repeatedly stated plaintiff is not eligible. Plaintiff's

---

[10] Burnite Declaration, Exh. 8, at pg 3 thereto.

[11] Burnite Declaration, Exh. 8, at pg 3 thereto

-8-

reference to the California Settlement Agreement (which expressly provides that it is inadmissible for any purpose unrelated to its enforcement by the department of insurance) does not revive plaintiff's adjudicated claims. Plaintiff cannot state a claim under RICO because plaintiff has no damages, as matter of law, due to the adjudication of his ERISA claims. Therefore, the RICO claim is barred.

For plaintiff's unfair business practices, he also relies on the ERISA claim handling. (Complaint, para 52). Moreover, this claim is so integrally related to the prior ERISA claims, it is preempted by ERISA. *Serpa v.SBC Telecommunications*, 318 F.Supp.2d 865, 871 (N.D. Cal. 2004). Thus, this is an additional ground for dismissal. In any event the claim is barred by res judicata because the ERISA benefits are not payable to plaintiff.

Plaintiff's claim for indemnity is a blatant reassertion of the claim for ERISA benefits.

As plaintiff conceded in *Sommer I* (following defendant's motion to dismiss state law claims), punitive damages are not recoverable in a claim for ERISA benefits. Punitive damages were not recoverable then, and are not recoverable now.

### b.    Final Judgment on the Merits

It is without dispute that final judgments on the merits were obtained by Unum and Paul Revere, and those judgments repeatedly have been affirmed on appeal.

### c.    Privity

Plaintiff names the same defendants (First Unum, Unum Life and Paul Revere) that he previously sued, as well as their parent company (Unum Group). He has sued First Unum in *Sommer I* and *Sommer IV*. He has sued Unum Life and Paul Revere in *Sommer I, II, III and IV*. He now sues Unum Group in *Sommer IV* as a parent corporation of the above insurance companies. Plaintiff alleges that Unum Life, First Unum and Paul Revere are wholly or partially owned subsidiaries of Unum Group. (Complaint, at 2:22-24; 2:28-3:2; 3:5-7). It is without dispute that Unum Group never issued any insurance policies to one of plaintiff former employers. In the first amended complaint in *Sommer I*, at 4:18-23, plaintiff lists the employers and actual insuring entities. Unum Group is entitled to the defense of res judicata in this matter.

Corporate affiliations may be relevant in determining whether two parties are in privity for purposes of issue or claim preclusion. *In re Gottheiner*, 703 F.2d 1136, 1139-40 (9th Cir. 1983) (defendant in prior suit was wholly owned by defendant in subsequent suit, and collateral estoppel barred second suit)); see also, *FDIC v. Alshuler (In re Imperial Corp. of Am.)*, 92 F.3d 1503 (9th Cir. 1996). Based on well-established law, Unum Group properly makes this motion to dismiss with the other defendants.

### B. The Court Has Inherent Powers to Impose Monetary and Injunctive Sanctions

Federal Court shave inherent powers to impose monetary or injunctive sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The court's inherent powers is governed by the control necessarily vested in courts to achieve orderly and expeditious outcomes. In this context, "bad faith" means that the party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Id.*, at 45-46. The court may impose sanctions to the extent necessary to compensate the innocent party, to vindicate the affront to the court, or to ensure that such abuses are not repeated. *Id.*, at 56-57. Pursuant to the Court's September 21, 2007 Order, defendants have submitted a statement of attorneys' fees and costs. However, in addition to fees and costs, a pre-filing order also should be entered because sanctions and attorneys fees imposed in prior Sommer litigation has not stopped plaintiff from repeatedly refiling his unmeritorious, barred claims.

### C. The Court Should Declare Plaintiff A Vexatious Litigant And Enter a Pre-Filing Order Against Him

The All Writs Act, 28 U.S.C. Section 1651(a), provides district court with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider meritorious claims of other litigants.

In determining whether to enter a pre-filing order, the district court must: (1) provide an opportunity to be heard before entering such order; (2) create an adequate record for review; and

(3) make substantive findings as to the frivolous or harassing nature of the litigant's actions. *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990). All three *De Long* factor are easily satisfied in the present matter.

**D.     Defendants Should Be Allowed It Attorneys' Fees and Costs under ERISA**

Like *Sommer III*, this court should award defendants' attorneys' fees and costs under ERISA. 29 U.S.C. Section 1132(g)(1). That section provides:

> "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In *Hummel v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), the Court set out five factors to consider in exercising its discretion to award fees and costs under Section 1132(g)(1): (1) the degree of the opposing parties culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would defer others from acting under similar circumstances; (4) whether the parties requesting fees sough to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. The relevant factors are met here. Like *Sommer III*, and as upheld by the Ninth Circuit therein, defendants should be award their attorneys fees and costs incurred in defending this frivolous action. (See, Exhibit 9 at pages 7-8). These fees and costs may be imposed against plaintiff and/or his attorney. *Id*; citing *Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir. 1995).

As stated in the Declaration of John T. Burnite (for the statement of attorneys' fees and costs requested by the court), defendants in this matter have incurred **$10,128.50** in attorneys' fees and costs to defend this matter.

## IV

## CONCLUSION

Defendants request that the Court dismiss this frivolous action, and award defendants their attorneys' fees and costs incurred in defending this action. Defendants further request that the Court issue an Order enjoining plaintiff, as a vexatious litigant, from filing any further

-11-

1  pleading(s) against defendants without first obtaining judicial permission to file any such
2  pleading.
3
4                                          KELLY, HERLIHY & KLEIN LLP
5
6  Dated: October 1, 2007              By_____/s/ John T. Burnite_____
                                              John T. Burnite
7                                             Attorneys for Defendants
                                        UNUM GROUP, UNUM LIFE INSURANCE
8                                       COMPANY OF AMERICA, FIRST UNUM LIFE
                                        INSURANCE COMPANY OF AMERICA, and
9                                       THE PAUL REVERE LIFE INSURANCE COMPANY
10
11  E:\27162\P09.doc

-12-

MOTION TO DISMISS

CASE NO. C07-2846 SC