EXHIBIT "C"

FOR IMMEDIATE RELEASE  
November 18, 2004

MEDIA CONTACTS:  
**Maine:** Eric Cioppa or Alessandro Iuppa  
    207.624.8401  
**Massachusetts:** Chris Goetcheus or  
    Julianne Bowler 617.521.7301  
**Tennessee:** Paula Flowers 615.741.6007  
**US Dept. of Labor:** Gloria Della 202-693-8666

## MULTI-STATE SETTLEMENT ADDRESSES CONCERNS REGARDING UNUMPROVIDENT CLAIMS HANDLING

*200,000 TO BE OFFERED RE-ASSESSMENT OF CLAIMS*

Nashville, TN: The chief insurance regulators of Maine, Massachusetts, and Tennessee today released their examination of the claim handling practices of three disability insurers owned by UnumProvident Corp., along with settlement agreements requiring the companies to change their claims practices and to re-assess certain claims going back as far as 1997.

Forty-seven other states and the District of Columbia joined the three ``lead states'' in the multi-state market conduct examination of Unum Life Insurance Company of America, The Paul Revere Life Insurance Company, and Provident Life and Accident Insurance Company. The U.S. Department of Labor, which conducted a related investigation of UnumProvident's practices involving employee benefit plans covered by the Employee Retirement Income Security Act, is also a party to the settlement agreements. New York's Attorney General, who also investigated the companies' claim practices, has endorsed the settlement.

All fifty states and the District of Columbia will have the opportunity to join in the identical settlement agreements signed today by Maine Insurance Superintendent Alessandro Iuppa, Massachusetts Insurance Commissioner Julianne Bowler, Tennessee Insurance Commissioner Paula Flowers, and U.S. Department of Labor Employee Benefits Security Administration Regional Director James Benages. A substantially identical agreement was signed by Gregory Serio, New York Superintendent of Insurance, with UnumProvident's New York company. All four agreements become effective once two-thirds of the participating states have approved.

``This action is one of the most significant multistate insurance regulatory actions in history, providing a uniform, verifiable and effective state-based settlement for the benefit of UnumProvident policyholders nationwide,'' said Maine Superintendent Iuppa.

The multistate market conduct examination identified several claims handling practices of concern to the state insurance regulators, including:

- excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits;
- unfair evaluation and interpretation of attending physician or independent medical examiner reports;
- failure to evaluate the totality of the claimant's medical condition; and

- an inappropriate burden placed on claimants to justify eligibility for benefits.

``As regulators, our duty is to protect the hundreds of thousands of policyholders who depend on these companies for disability benefits,'' said Tennessee Commissioner Flowers. ``This agreement makes sure that policyholders and claimants, past and present, get what they paid for – meaningful disability coverage.''

``Throughout this process, we were committed to providing a just solution that benefits all of UnumProvident's policyholders and claimants, and we've done that,'' said Flowers.

The settlement agreements, which are substantially similar, require the companies to:
- offer, in writing, to reassess claims denied or closed since January 1, 2000 for reasons other than settlement, death, or reaching benefit maximums (about 215,000 claimants are in this population);
- allow for reassessment, upon request, of claims similarly denied or closed between January 1, 1997 and December 31, 1999;
- modify claims handling and benefit determination practices as specified by the agreements;
- improve accountability and oversight of claims processes as specified in the agreements; and
- enhance corporate governance by expanding the Board of Directors by three directors with insurance industry or regulatory experience.

"The agreements require significant changes in UnumProvident's claim handling processes, and our agencies will continuously monitor and assess the companies' compliance with the agreements," said Massachusetts Commissioner Bowler.

The cost of the examination, the continued oversight called for in the settlements, and compliance with the settlements is estimated to be more than $120 million.

The companies also will pay a fine of $15 million, which will be divided on a pro-rata basis among the participating states based on the long term disability income insurance premium in each state as of December 31, 2003. If the companies fail to meet the terms of the Plan of Corrective Action set forth in the agreements, a substantial fine ($145 million) will be imposed.

"We are pleased the global settlement will protect the rights of affected employees to a fair, impartial consideration of their claims," said Ann L. Combs, Assistant Secretary of Labor for Employee Benefits Security Administration.

The multi-state exam began in September 2003, after Massachusetts and Tennessee had begun market conduct examinations of their respective domiciled companies. In consultation with their colleagues nationwide through the National Association of Insurance Commissioners (NAIC) all the states and the District of Columbia joined in the multi-state examination.

The complete Examination Report, the settlement agreements and exhibits can be found online at www.maineinsurancereg.org; www.state.ma.us/doi (look at "What's New"); or www.state.tn.us/commerce.