**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7   ALEXANDER P. SOMMER, an individual,)    Case No. 07-2846 SC
    by and through his Guardian ad      )
8   Litem, CHRISTIAN SOMMER,            )
                                        )    ORDER GRANTING
9               Plaintiff,              )    DEFENDANTS' MOTION TO
                                        )    DISMISS
10       v.                             )
                                        )
11  UNUM, UNUM PROVIDENT CORPORATION;   )
    UNUM PROVIDENT LIFE INSURANCE       )
12  COMPANY OF AMERICA; FIRST UNUM LIFE )
    INSURANCE COMPANY OF AMERICA; PAUL  )
13  REVERE LIFE INSURANCE COMPANY,      )
                                        )
14              Defendants.             )
                                        )
15  _____)

16

17  **I.  INTRODUCTION**

18       This matter comes before the Court on a Motion to Dismiss

19  ("Motion") filed by the defendants Unum et al., ("Defendants" or

20  "Unum").  See Docket No. 20.  The plaintiff Alexander P. Sommer

21  ("Plaintiff" or "Sommer") filed an Opposition.  See Docket No. 23.

22  For the following reasons, the Court GRANTS Defendants' Motion to

23  Dismiss.

24

25  **II.  BACKGROUND**

26       The facts of this case have been exhaustively detailed in the

27  three prior cases that comprise the history of the present action.

28  The parties familiarity with the facts is assumed and the Court

**United States District Court**
For the Northern District of California

1    discusses only those relevant to the present Motion.  It is

2    nonetheless worth emphasizing that this represents the sixth time

3    that a federal court has considered Sommer's claims against Unum.[1]

4         In 1996 Sommer sued Defendants for their denial of disability

5    benefits and the Honorable Judge Jenkins granted summary judgment

6    against Sommer.  See <u>Sommer v. Unum Life Ins. Co.</u>, Docket No. 93

7    CV 96-2407 (N.D. Cal. June 17, 1997) (<u>Sommer I</u>).  Sommer appealed

8    the decision and the Ninth Circuit, in an unpublished opinion,

9    affirmed the district court's decision.  See <u>Sommer v. Unum Life</u>

10   <u>Ins. Co.</u>, 173 F.3d 861, 1999 WL 173570, at *1 (9th Cir. 1999).

11        In November 1997, Sommer filed another action in district

12   court against Defendants and the Honorable Judge Armstrong granted

13   summary judgment against Sommer.  See <u>Sommer v. Unum Life Ins.</u>

14   <u>Co.</u>, Docket No. 43 CV 97-4159 (N.D. Cal. March 27, 1998) (<u>Sommer</u>

15   <u>II</u>).  Sommer appealed this decision and the Ninth Circuit, in an

16   unpublished companion opinion to <u>Sommer I</u>, affirmed the district

17   court's decision.  See <u>Sommer v. Unum Life Ins. Co.</u>, 173 F.3d 861,

18   1999 WL 173592 at *1 (9th Cir. 1999) (stating "Sommer's claims are

19   barred by the doctrine of res judicata").[2]

---

21   [1]  Although the claims have varied slightly, and Sommer raises
new claims in the present case, all claims are derived from the
same nucleus of operative facts; namely Unum's denial of Sommer's
22   disability benefits.

23   [2]  Ninth Circuit Rule 36-3 states that unpublished opinions
may not be cited and are not precedent except as follows:
24                (i) They may be cited to . . . by any
                  other court in this circuit when relevant
25                under the doctrine of law of the cases or
                  rules of claim preclusion [res judicata]
26                or issue preclusion.  (ii) They may be
                  cited to . . . for factual purposes, such
27                as to show . . . sanctionable conduct . .

28

**United States District Court**
For the Northern District of California

1      In April 2000 Sommer filed yet a third complaint in federal

2   district court and the Honorable Judge Armstrong dismissed on res

3   judicata grounds.  <u>See</u> <u>Sommer v. Unum Life Ins.</u>, Docket No. 26 CV

4   00-1368 (N.D. Cal. January 8, 2001) (<u>Sommer III</u>).  Sommer appealed

5   and in another unpublished opinion the Ninth Circuit affirmed,

6   stating, "[t]hese cases are concluded."  <u>Sommer v. Unum Life Ins.</u>

7   <u>Co.</u>, 35 Fed. Appx. 489, 493 (9th Cir. 2002).

8

9   **III.  <u>DISCUSSION</u>**

10          **A.   <u>Legal Standard</u>**

11     A motion to dismiss tests the legal sufficiency of the claims

12  asserted in the complaint and "all factual allegations are to be

13  taken as true and construed in the light most favorable to the

14  non-moving party."  <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478,

15  1482 (9th Cir. 1991).  Dismissal "is proper only where it appears

16  beyond doubt that the plaintiff can prove no set of facts in

17  support of his claim which would entitle him to relief."  <u>Id.</u>

18  (internal citations and quotations omitted).

19     Defendants have moved to dismiss based on res judicata.  "In

20  order to bar a later suit under the doctrine of res judicata, an

21  adjudication must (1) involve the same claim as the later suit,

22  (2) have reached the final judgment on the merits, and (3) involve

23  the same parties or their privies."  <u>Nordhorn v. Ladish Co., Inc.</u>,

24  9 F.3d 1402, 1404 (9th Cir. 1993).  "[T]he doctrine of res

25  judicata (or claim preclusion) bars all grounds for recovery which

26

27              ., entitlement to attorneys' fees, or the
              existence of a related case. . . .

28                                    3

1   could have been asserted, whether they were or not, in a prior

2   suit between the same parties . . . on the same cause of action."

3   Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir.

4   1982) (internal quotations and citations omitted) (alterations in

5   original).

6       **B.   Analysis**

7           **1.   Res Judicata**

8       The parties in the present suit are the same parties from

9   Sommer I.  Sommer does not allege otherwise.  Nor is there any

10  dispute that the prior adjudications reached final judgments on

11  the merits.  Thus, the primary issue before the Court is whether

12  the previous Sommer cases involved the same claims as the present

13  action.

14      In determining whether two suits contain the same claims,

15  courts examine the following criteria:

16              (1)  whether   rights   or   interests
                established in the prior judgment would
17              be   destroyed   or   impaired   by   the
                prosecution of the second action; (2)
18              whether    the    two    suits    involve
                infringement of the same right; (3)
19              whether substantially the same evidence
                is presented in the two actions; and (4)
20              whether the two suits arise out of the
                same transactional nucleus of facts.

21

22  Nordhorn, 9 F.3d at 1405.  "The last of these criteria is the most

23  important."  Costantini, 681 F.2d at 1202.

24      In the First Amended Complaint in Sommer I, Sommer alleged

25  two causes of action under ERISA: (1) breach of contract under 29

26  U.S.C. § 1132(a)(1)(B), to recover benefits owed to him under the

27

28                                  4

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    terms of the benefit plans, and (2) equitable relief under 29

2    U.S.C. § 1132(a)(3), seeking to compel Defendants to pay him

3    future benefits owed under terms of Defendants' respective

4    policies.  See Mot., Burnite Decl., Ex. 3, First Am. Comp. ¶¶ 19,

5    23; Ex. 4, Order from Sommer I at 3.  This action arose out of

6    Defendants' denial of disability benefits.  See Sommer I, CV 96-

7    2407, at 2-3 (stating "Plaintiff . . . alleges that defendants

8    wrongfully breached, and continue to breach, their obligations to

9    pay plaintiff disability insurance benefits due under his

10   employers' group policies").

11       In the present action, Sommer asserts four causes of action:

12   (1) civil RICO violations; (2) unfair business practices under the

13   California Unfair Business Practices Act; (3) indemnity; and (4)

14   punitive damages.

15                    **a.   RICO Violations**

16       The elements of a civil RICO claim are:  "(1) conduct (2) of

17   an enterprise (3) through a pattern (4) of racketeering activity

18   (known as 'predicate acts') (5) causing injury to the plaintiff's

19   'business or property.'"  Grimmett v. Brown, 75 F.3d 506, 510 (9th

20   Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962).

21       Sommer's RICO claim arises out of the same operative facts as

22   his ERISA claims from Sommer I.  In the Complaint, under the RICO

23   cause of action, Plaintiff states: "when defendants made these

24   representations concerning their willingness to insure Plaintiff

25   and to pay him money, should he become disabled, they knew such

26   representations to be false . . . ."  First Am. Compl. ¶ 46.

27

28                                5

**United States District Court**
For the Northern District of California

1   Although dressed in different clothes, the underlying claim is

2   aimed squarely at Defendants' refusal to provide Sommer with

3   disability benefits.  Thus, the two suits "arise out of the same

4   transactional nucleus of facts."  <u>Nordhorn</u>, 9 F.3d at 1405.

5       Furthermore, relitigation of these issues would clearly

6   impact the "rights or interests established in the prior

7   judgment."  <u>Nordhorn</u>, 9 F.3d at 1405.  Plaintiff's disability

8   claims were found to be barred in <u>Sommer I</u>.  Nonetheless,

9   Plaintiff now alleges, under the RICO cause of action, that

10  Defendants intended to "deceive Plaintiff and thereby deprive and

11  defraud him completely of the benefits promised under the

12  disability policy."  First Am. Compl. ¶ 46.  A finding in favor of

13  Sommer would not only impact but eviscerate the finding in <u>Sommer</u>

14  <u>I</u> that Sommer's claims for disability benefits were barred.

15      Sommer also argues that the rights asserted in this action

16  are different than those previously asserted.

17              Plaintiff    here   is   not   seeking   to
                vindicate merely his own contract rights
18              as  an  employee,  rather,  plaintiff  is
                seeking   to   vindicate   the   rights   of
19              himself and others, in fact all citizens,
                to   live   in   a   civil   society   where
20              businesses that must . . . be licensed by
                the state can not, simultaneously, be run
21              as  criminal  enterprises. . . .   One  set
                of   rights,   the   ERISA   rights[,]   is
22              personal and contractual.   The other,
                under  RICO,  although  arising  from  an
23              injury to person or property, vindicates
                the right of society at large to be free
24              of racketeering activity . . . .

25  Opp'n at 13-14.

26      Plaintiff's distinction is not compelling.  Although it is

27  true that ERISA and RICO are designed to protect different rights,

28
                                    6

1  the fact that Plaintiff's present claim is titled a RICO violation

2  does not change the right that Plaintiff seeks to vindicate:

3  Defendants' denial of his disability benefits.  That Plaintiff is

4  also seeking to "vindicate[] the right of society at large" does

5  not alter this analysis.

6      In addition, in order to state a RICO claim a plaintiff must

7  allege, in part, conduct "causing injury to the plaintiff's

8  'business or property.'"  Grimmett, 75 F.3d at 510 (citing 18

9  U.S.C. §§ 1964(c), 1962).  Because Plaintiff's claims for injury

10 against Defendants were previously adjudicated in favor of

11 Defendants, Plaintiff cannot now re-allege this injury.

12     Finally, "substantially the same evidence [would be]

13 presented in the two actions."  Nordhorn, 9 F.3d at 1405.

14 Plaintiff's underlying claim in the present action is that

15 Defendants' wrongfully denied him disability benefits.  This was

16 also the underlying claim in Sommer I.  The additional evidence of

17 the findings made by the California Department of Insurance

18 regarding Unum was not presented at the Sommer actions.

19 Nonetheless, this evidence is, at best, tangential to Sommer's

20 present claim.

21     As Sommer himself concedes, his prior action was "dismissed

22 with prejudice before trial."  First Am. Compl. ¶ 26.  For these

23 reasons, the Court finds that Sommer's RICO claim is barred by res

24 judicata.

25              **b.    Unfair Business Practices**

26 "California's unfair competition statute prohibits any unfair

27 competition, which means 'any unlawful, unfair or fraudulent

28                              7

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1  business act or practice.'"  <u>In re Pomona Valley Med. Group</u>, 476

2  F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code §§

3  17200, <u>et seq.</u>).  "This tripartite test is disjunctive and the

4  plaintiff need only allege one of the three theories to properly

5  plead a claim under section 17200."  <u>Med. Instrument Dev. Lab. v.</u>

6  <u>Alcon Lab.</u>, CV 05-1138, 2005 WL 1926673, at * 5(N.D. Cal. Aug. 10,

7  2005).  In the present action, Sommer has alleged unfair business

8  practice.

9      Section 17200 also states that "a private person has standing

10  to sue only if he or she has suffered injury in fact and has lost

11  money or property as a result of such unfair competition."  <u>Pomona</u>

12  <u>Valley Med. Group</u>, 476 F.3d at 675 n. 12 (internal quotation marks

13  and citations omitted).  Sommer alleges that Defendants "acted

14  without any good faith intention of actually paying plaintiff

15  should he become disabled."  First Am. Compl. ¶ 54.  The injury

16  that Sommer alleges for his § 17200 claim is an injury that

17  directly resulted from Defendants' failure to pay his disability

18  benefits.  As has already been noted, however, the prior <u>Sommer</u>

19  actions established that Defendants were not liable to Sommer for

20  refusing to make these benefit payments.  Therefore, Sommer cannot

21  allege any injury resulting from Defendants' unfair business

22  practices and this claim is also barred by res judicata.

23              **c.    Indemnity and Punitive Damages**

24      Sommer's remaining two claims for indemnity and punitive

25  damages are even more closely aligned with the claims raised in

26  the prior <u>Sommer</u> actions.  Sommer's indemnity claim states, in

27  part, that "plaintiff is entitled to indemnification by defendants

28                              8

**United States District Court**
For the Northern District of California

1   . . . for all losses suffered and/or proximately caused by the

2   failure of these defendants . . . to previously indemnify

3   plaintiff . . . ."  First Am. Compl. ¶ 62.  Sommer's punitive

4   damages claim states, in part, that "defendants . . . acted

5   oppressively toward plaintiff whom they knew to be disabled with a

6   serious brain injury.  Accordingly, the acts . . . warrant[] as

7   [sic] assessment of punitive damages . . . ."  Id. ¶ 65.  At the

8   root of both claims is Defendants' denial of disability benefits.

9   Because a final judgment was previously entered in favor of

10  Defendants on this issue, these final two claims are also barred

11  by res judicata.

12              **2.   Exceptions to Res Judicata**

13      Sommer argues that res judicata should not apply for two

14  reasons: the underlying judgment was obtained by fraud and there

15  is a strong public policy reason for allowing the case to go

16  forward.

17              **a.   Fraud Exception to Res Judicata**

18      The Ninth Circuit has recognized a fraud exception to the bar

19  of res judicata.  See Costantini, 681 F.2d at 1203 n. 12 (stating

20  that "in situations where defendant's misconduct prevented

21  plaintiff from knowing, at the time of the first suit, either that

22  he had a certain claim or else the extent of his injury," the

23  fraud exception to res judicata may apply).

24      Sommer alleges that Defendants "hid from the court, and from

25  plaintiff, the fact of it's [sic] schemes, thereby depriving the

26  court of the opportunity to consider the case fairly and denying

27  the plaintiff of [sic] the opportunity to present his case to the

28                              9

United States District Court
For the Northern District of California

1  court at all." Opp'n at 9. These schemes, according to Sommer,

2  were finally brought to light by the California Department of

3  Insurance, and included numerous violations of the California

4  Insurance Code. See Compl. ¶ 31.

5      The Court does not doubt the findings made by the California

6  Department of Insurance regarding the actions by Unum. To the

7  contrary, the Court finds Unum's behavior troubling, to say the

8  least. Sommer fails to establish, however, how these findings

9  demonstrate that "defendant's misconduct prevented plaintiff from

10  knowing, at the time of the first suit, either that he had a

11  certain claim or else the extent of his injury." Costantini, 681

12  F.2d at 1203 n. 12. In other words, Sommer has not explained what

13  fraudulent acts Unum perpetrated with respect to Sommer's specific

14  case filed in 1996 (Sommer I). Sommer's allegations that

15  "defendants concealed from plaintiff and this court the fact of

16  their illegal scheme to intentionally deprive plaintiff, and other

17  policy holders, of their rightful benefits," Mot. at 9, does

18  little but echo the findings of the California Department of

19  Insurance. Sommer asserts that the previous Sommer decisions were

20  "based on partial and doctored information . . . ." The fraud

21  exception, however, requires more than such conclusory

22  allegations. Simply put, Sommer "has not shown the existence of

23  any 'fraudulent concealment,' even if such a showing would permit

24  him to avoid the bar of res judicata." Costantini, 681 F.2d at

25  1203.

26              **b.    Public Policy Exception to Res Judicata**

27      Sommer, citing California state law, also asserts that where

28                                    10

**United States District Court**
For the Northern District of California

1  a strong public policy consideration is at issue, the bar of res

2  judicata may be lifted.  In <u>People v. Barragan</u>, 32 Cal. 4th 236,

3  256 (Cal. App. 2004), the California Court of Appeal "recognized

4  that public policy considerations may warrant an exception to the

5  claim preclusion aspect of res judicata . . . ."

6       Sommer argues that "[t]he people and businesses of this state

7  both need and deserve a reliable, properly functioning, insurance

8  industry."  Opp'n at 11.  While the Court is in full agreement

9  with this statement, the unfortunate reality for Sommer is that

10  his claim, even if permitted to go forward, would not ensure a

11  properly "functioning[] insurance industry."  As Sommer himself

12  points out, the California Department of Insurance has already

13  taken Unum to task for its treatment of the people of California.

14  Sommer's claims reach back to the mid-90s and it is far from clear

15  how public policy today would be benefitted by exempting the

16  present claims from res judicata.  Accordingly, the public policy

17  exception to res judicata is not applicable to the present case.

18                **3.   Attorneys' Fees, Costs and Sanctions**

19       Defendants seek attorneys' fees and costs in the amount of

20  $10,128.50.  Burnite Decl. ¶ 2.  This request is denied.  The

21  Court is convinced that Plaintiff's counsel filed the present suit

22  in good faith.  The Court notes that Plaintiff's counsel was not

23  involved with <u>Sommer I</u>, <u>Sommer II</u>, or <u>Sommer III</u>.  In addition,

24  the Court understands that Plaintiff's counsel had a reasonable

25  belief that the findings by the California Department of Insurance

26  may have opened the door for Plaintiff to recover for what

27  Plaintiff and his counsel believe was the wrongful denial of

28                                    11

United States District Court
For the Northern District of California

1  disability benefits.  Thus, the request for attorneys' fees and

2  costs is DENIED and, for the same reasons, the Court DECLINES to

3  impose sanctions.

4              **4.    Vexatious Litigant**

5      Finally, Defendants seek to have Plaintiff labeled a

6  vexatious litigant.  "District courts have the inherent power to

7  file restrictive pre-filing orders against vexatious litigants

8  with abusive and lengthy histories of litigation."  Weissman v.

9  Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).  Although

10 vexatious litigant orders are typically imposed on pro se

11 litigants, see id., Defendants have requested that Sommer, who has

12 always been represented by counsel, be so labeled.

13     Mindful of the history of the prior Sommer actions, the Court

14 declines this course of action.  The Court is confident that

15 Plaintiff and Plaintiff's counsel understand that further

16 litigation of claims related to the denial of disability benefits

17 to Sommer by Defendants is barred.  The Court further reminds

18 Plaintiff and Plaintiff's counsel that renewal of claims under

19 these facts will inevitably result in consideration by the Court

20 of attorneys' fees, costs, Rule 11 sanctions and Plaintiff's

21 status as a vexatious litigant.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28                    12

1   **IV.  <u>CONCLUSION</u>**

2    For the foregoing reasons, Defendants' Motion to Dismiss is

3   GRANTED and Defendants' Request for Attorneys' Fees and Costs is

4   DENIED.

5

6

7       IT IS SO ORDERED.

8

9       Dated: November 13, 2007       

10                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California